**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| THE NAVAJO NATION, a sovereign Indian Nation, DINÉ DEVELOPMENT CORPORATION, a corporation wholly-owned by and formed under the laws of the Navajo Nation, and NAVAJO ARTS AND CRAFTS ENTERPRISE, a wholly-owned instrumentality of the Navajo Nation, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO:<br><br>No. 1:12-cv-00195-LH-LFG |
| URBAN OUTFITTERS, INC., UO.COM, L.L.C., URBAN OUTFITTERS WHOLESALE, INC., ANTHROPOLOGIE, INC., ANTHROPOLOGIE.COM, L.L.C., and FREE PEOPLE of PA, L.L.C., Pennsylvania Corporations, and FREEPEOPLE.COM, L.L.C., a Delaware Corporation, | |
| Defendants. | |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held by telephone on April 22, 2013 and was attended by:

Mark A. Griffin and Karin Swope from the law firm Keller Rohrback L.L.P., and Brian Lewis from the Navajo Nation for Plaintiffs/Counterclaim Defendants The Navajo Nation, Dine Development Corporation, and Navajo Arts and Crafts Enterprise, and

H. Jonathan Redway and Nicole Meyer from the law firm Dickinson Wright PLLC for Defendants/Counterclaimants Urban Outfitters, Inc., Urban Outfitters Wholesale, Inc., Anthropologie, Inc., and Free People of PA LLC., UO.COM, L.L.C., ANTHROPOLOGIE.COM, L.L.C., and FREEPEOPLE.COM, L.L.C.

## I.  NATURE OF THE CASE

This is a civil action arising out of the alleged use of the term "navajo" in connection with the sale of clothing and related products.  Plaintiffs allege trademark infringement as well as various related causes of action.  Defendants are asserting counterclaims seeking a declaration of non-infringement on all causes of action, as well as cancellation of Plaintiffs' federal trademark registrations.

## II.     AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs request that they be allowed until the close of discovery to move to amend the pleadings and until the close of discovery to move to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).  Plaintiffs oppose Defendants' request for two deadlines for joining parties as set forth below.

Defendants request that they be allowed until 30 days after the close of discovery to move to amend the pleadings and until 30 days after the close of discovery to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).  However, because discovery will be required to determine the scope of Plaintiffs' claims, and because Defendants are presently investigating and may seek to add additional parties to this lawsuit, including suppliers of what may or may not turn out to be accused goods, Defendants request that they be allowed two months from a date on which Plaintiffs are Ordered to identify all allegedly infringing goods, as set forth in Defendants' proposed Scheduling Order, to conduct additional discovery of the Nation as to allegedly infringing goods not previously asserted at least two months before Plaintiff's Identification Deadline, and an additional 30 days thereafter to amend the pleadings and join additional parties without further leave of the Court.

## III.     STIPULATIONS

The parties hereto stipulate that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

## IV.    PLAINTIFFS' CONTENTIONS

At least as early as March 2009, Defendants branded a product line called "the Navajo line," which included clothing, accessories, and jewelry. Upon learning of the infringement, the Navajo Nation ("Nation") sent a cease-and-desist letter, demanding that Defendants stop using the Nation's trademarks to sell Defendants' products. In response, Defendants eliminated some trademark use of the term "Navajo," but continued to sell their products using the "Navajo" marks on other websites and in their stores. Defendants continued to knowingly and intentionally trade off of the NAVAJO marks' goodwill to sell a variety of their items. These products not only infringed on the Nation's trademarks, they also misled consumers into believing that the products were Indian-made when, in fact, they were not. This misleading behavior violates the Indian Arts and Crafts Act and the New Mexico Unfair Trade Practices Act.

## V.    DEFENDANTS' CONTENTIONS

Defendants have never infringed any protectable rights or violated any law or otherwise misled consumers into believing any products were Indian-made when they were not. Defendants merely re-sold goods provided to it by its suppliers which used the term "navajo" -- not in a trademark sense -- but rather to identify the style and design/pattern of the goods.  For example, Defendants sold Obey supplied and branded shirts (supplied and marked with the Obey trademark) with hang tags that identified in small print the pattern of design of the shirts as that of "Navajo Print Tank Tops".

3

Despite Plaintiffs' allegations to the contrary, none of the Defendants ever branded a product line called "the Navajo line", but rather as separate and distinct clothing suppliers -- Urban Outfitters, Anthropologie, and Free People – each independently carried forward the use of the term "navajo" as it has become commonly known to the entire fashion industry, including designers, suppliers, and customers, namely a generic term for a category or type of style and/or design. Such non-trademark use is not actionable under any legal theory. Plaintiffs, themselves, previously acknowledged in public documents that use of the term "navajo" to identify a style or design is not actionable because it constitutes fair use.

Plaintiffs are relying almost entirely on their federal trademark registrations. Because Plaintiffs have no real trademark use of the term "navajo" for the items that are at issue in this case, the registrations are without effect. Moreover, those registrations, to the extent relevant to any of the claims asserted by Plaintiffs in this case (and Defendants contend they are not), are subject to cancellation because the purchasing public recognizes the term to be a generic term that identifies a type or category of styles and/or designs. Thus, Defendants are asking in counterclaims filed this date for the cancellation of all federal trademark registrations on which Plaintiffs rely.

Plaintiffs also allege a claim under the Indian Arts and Craft Act, but the claim is wholly without merit because Plaintiffs cannot show that any conduct by Defendants falsely suggests that any items were Indian made, when they were not. More generally, Plaintiffs are estopped from asserting such a claim because Plaintiffs represented to the United States Patent and Trademark Office that use of the term "navajo" on "clothing" did not violate the IACA in order to secure one of the trademark registrations that it is asserting in this case.

Plaintiffs have asserted additional related claims including a claim for unfair practices under New Mexico's Unfair Practices Act.  As shown in Defendants' April 15, 2013 submission to this Court, the law is clear that business competitors do not have standing to bring a claim under the Act in trademark cases such as this.  *See* Dkt. No. 55.  Accordingly, the Court should dismiss the Plaintiffs' claim under New Mexico's Unfair Practices Act at this time.

As will be shown after discovery is completed, Plaintiffs' case is further without merit for at least the following reasons:

(1)     Plaintiffs cannot show that customers anywhere in the United States including New Mexico have been deceived, confused, or misled into buying goods that they thought were goods from The Navajo Nation when they were not;

(2)     Plaintiffs cannot show that any Defendant ever sold any of its goods under any Navajo trademark because no Defendant did so -  rather Defendants used the term to identify a category or type of style and/or design;

(3)     Plaintiffs cannot show that any of the goods sold by Defendants compete with goods sold by Plaintiffs and thus there is no likelihood of confusion;

(4)     Plaintiffs cannot show that they have continuously used the term Navajo as a trademark for any meaningful length of time in commerce for any relevant good in New Mexico much less throughout the United States to have acquired any rights outside of The Navajo Nation Reservation (if there);

(5)     Plaintiffs cannot show that they have used the term Navajo on any relevant good;

(6)     Although Plaintiffs allege that they have 86 trademarks using the NAVAJO component on the Principal Register with the United States Patent and Trademark Office, they

do not; and, of the limited registrations that they do have, all that are in any way relevant to this case are subject to cancellation;

(7)     The term "Navajo" was always incapable of strong protection because it was originally a geographic descriptor, and today is incapable of any protection because it is a generic term for a type or category of design or style as shown by industry publications, third party use, customer perception, Internet data, dictionaries, as well as all other market indicators;

(8)     Plaintiffs and Defendants market and sell their respective goods through entirely different channels of trade and as such there is no likelihood of confusion;

(9)     Defendants have no desire to trade off any aspect of the Plaintiffs, but rather seek merely to fairly and accurately inform purchasers of the style and/or design of products in the manner that the consuming public has come to expect;

(10)     Defendants could resume the selling of its products using the term "navajo" to identify the style and/or design of its products, and no consumer would conclude that such goods are affiliated with the Plaintiffs, when they are not;

(11)     Nothing in the manner of any store display or Internet display in any way suggests that any items are products of Plaintiffs; to the contrary, all of the products identify the source as a non-Plaintiff brand (Defendants or Third-Party) and further identify the geographic source of origin as a location other than Plaintiffs;

(12)     Plaintiffs have to date made very little investment, if any, in promoting the term Navajo as a trademark for any relevant good;

(13)     Plaintiffs cannot show that they have been harmed in any way by any conduct of any Defendant because they have not been;

(14)    Plaintiffs cannot show, and are wrong in claiming that the Defendants are not separate autonomous entities, because they are, and they are not alter egos of each other;

(15)    Plaintiffs cannot show that they have used the term "navajo" as a source identifier for any length of time because the term was originally used to denote a geographic place, and subsequently the designs and styles of goods, and today it is generic for a type or category of design or style;

(16)    Many of Plaintiffs' registrations include faulty specimens or representations and should never have issued and in any event all relevant registrations are subject to cancellation today because the term is today generic;

(17)    The term "navajo" was never inherently distinctive and today is incapable of operating as a trademark for any goods in any way relevant to this dispute;

(18)    The Internet usage upon which Plaintiffs rely to attempt to show use is unable to provide support because many of the sites are not even operating and the few that are do not market or sell any relevant good;

(19)    The term "navajo" is not and has never been broadly recognized by purchasers as a trademark; to the contrary it is today broadly recognized by prospective purchasers as a category or type of style and/or design;

(20)    To the extent Plaintiff ever had any rights in the term "navajo", those rights have been abandoned and lost through Plaintiffs' failure to police;

(21)    To the extent any rights the Plaintiffs have any remaining rights in the term Navajo, those rights are limited to the geographic territory where the Plaintiffs goods are sold, namely limited portions of The Navajo Nation Reservation;

(22)    At no time have any of the Defendants used the term "navajo" as a trademark to market, sell, or promote any good, and therefore all of Plaintiffs' claims are without merit;

(23)    Defendants stores and Internet presence are of such entirely different character that no consumer would ever believe that Plaintiffs' goods were being offered for sale, when they were not;

(24)    To the extent Defendants have resold products made by or sourced from members of The Navajo Nation, such sales are lawful and not subject to any claim;

(25)    Defendants never so much as attempted to use the term "navajo" to compete with the sale of any of Plaintiffs' goods, to the extent Plaintiffs claim to sell any related goods;

(26)    The term Navajo is used in the geographical descriptive sense or generic sense in dictionaries, not as a trademark;

(27)    Customers are harmed when they are not permitted to use the term "navajo" to identify a category or type of pattern or design because that is the meaning customers have given to the term and adequate alternative words or phrases are not available;

(28)    The term "navajo" does not have any value as a trademark relevant to this case because it does not operate as a trademark for any relevant good;

(29)    The term "navajo" is neither famous nor has it acquired any trademark reputation whatsoever when used in connection with any goods

(30)    Defendants have not profited in any way from their use (and the use of their suppliers) of the term "navajo" because its use was merely to identify a category or type of style and/or design;

(31)    Defendants have not undermined any right of Plaintiffs in any respect;

8

(32)    Plaintiffs have represented to the United States Patent and Trademark Office that the types of goods for which they sought trademark registration were not subject to protection under the Indian Arts and Crafts Act and are equitably and judicially estopped from "playing fast and loose" by seeking to change their position in this action;

(33)    No actions of Defendants have blurred or tarnished any right Plaintiffs claim to assert because Defendants have not used the term "navajo" in a manner that is capable of blurring or tarnishing any intellectual property or other rights;

(34)    Plaintiffs have not demonstrated any use necessary to support reliance on any trademark registration potentially relevant to any good marketed or sold that is at issue;

(35)    Plaintiffs continue to allege that they do not use the term "navajo" in connection with alcohol even though they have made admissions to the contrary and this Court has already found otherwise;

(36)    Defendants products are not of significantly lower quality than those of Plaintiffs; to the contrary, in many instances they are superior;

(37)    Defendants' spelling of the term "navajo" as "navaho", to the extent alleged by Plaintiffs, is not actionable as previously determined by this Court because the term is spelled "navaho" in the dictionary;

(38)    Plaintiffs have no "expansion" that is even arguably relevant to any good in this case, and as such any rights Plaintiffs may have are limited to The Navajo Nation Reservation;

(40)     Plaintiffs have not been damaged in any way either by likelihood of confusion or dilution, nor could they be because Defendants have not infringed or otherwise violated any rights;

(41)     Defendants' overall promotion and sales efforts strongly <u>qualify</u> its goods as not related or associated in any way with Plaintiffs;

(42)     Defendants are not liable for trademark infringement because Plaintiffs do not possess any enforceable rights relevant to any accused products, and Defendants' sale of the accused products has not and would not result in any likelihood of confusion;

(43)     Defendants are not liable for dilution because Plaintiffs do not possess any enforceable rights in "navajo" relevant to any accused products, much less fame, and Defendants' sale of the accused products has not and would not result in dilution either by blurring or tarnishment;

(44)     Defendants are not liable for unfair competition or false advertising because none of the marketing or sales accused by Plaintiffs has caused, or will cause, any confusion or misrepresentation;

(45)     Defendants are not liable under The Indian Arts and Crafts Act because the Act does not apply to any good sold by Defendants.  Moreover, the Act could not apply here because nothing in the manner by which the goods were sold misrepresented the goods in a manner to falsely suggest they were Indian product, when they are not.  And finally, Plaintiffs expressly disclaimed any right to the enforcement under the Act when they filed and secured the very trademark registrations that are asserted in this case;

(46)     Defendants are not liable under The New Mexico Unfair Practices Act because the law is clear and this Court is, respectfully, bound to conclude there is a lack of standing as Plaintiffs expressly allege, that Plaintiffs and Defendants are competitors;

(47)     Defendants are not liable under the New Mexico Trademark Act because the term "navajo" is not famous as a trademark for any relevant good, and Defendants have not used the term "navajo" in the trademark sense, and in fact, the term is today generic and incapable of protection;

(48)     Plaintiffs cannot show that the relevant public exclusively associates the term "navajo" with Plaintiffs' products;

(49)     The conditions under which and the buyers to whom Defendants' and Plaintiffs' sales are made are completely different and, as such, there is no likelihood of confusion.

## VI.     PROVISIONAL DISCOVERY PLAN

The parties propose to the Court differing discovery plans, which are listed below:

| PRETRIAL EVENTS | DEF'S  DEADLINES | PLS' DEADLINES |
|---|---|---|
| Deadline to serve initial disclosures (except damages) | August 1, 2013 | Per Fed. R. Civ. P. 26, 14 days after the 26(f) conference |
| Deadline for Plaintiffs to identify specifically each accused product with particularity that is alleged to infringe or otherwise violate any statute or act identified in the Second Amended Complaint as well as each Federal Trademark Registration on which they intend to rely at trial and for what purpose | January 15, 2014 | No specific deadline other than as required in discovery |
| Deadline for Defendants to join additional parties without leave of the Court | May 15, 2014 | At the close of discovery |
| Deadline to serve Damages Initial Disclosures | July 15, 2014 | No special damages disclosure deadline |
| Fact Discovery Closes | October 29, 2014 | March 30, 2014 |
| Deadline to designate and serve expert reports for which the party bears the burden of proof | December 31, 2014 | April 30, 2014 |

| | | |
|---|---|---|
| Deadline to designate expert witnesses and expert reports for which the party does not bear the burden of proof | March 16, 2015 | May 15, 2014 |
| Expert Discovery Closes | May 15, 2015 | June 1, 2014 |
| Deadline for dispositive motions; Deadline for *Daubert* motions | | September 15, 2014 |
| Deadline for parties to exchange pretrial disclosures | | January 15, 2015 |

## VII.   LIST OF WITNESSES

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.   It is insufficient to list witnesses' addresses, save for the parties, "in care of counsel."

**Plaintiffs' potential witnesses:**

1.      Representative of the Nation
        c/o Keller Rohrback
        He/she will testify about the ownership and use of the trademarks at issue.

2.      Representative of DDC
        c/o Keller Rohrback
        He/she will testify about the ownership and use of the trademarks at issue.

3.      Representative of the Navajo Arts and Crafts Enterprise
        c/o Keller Rohrback
        He/she will testify about the ownership and use of the trademarks at issue.

4.      Tonya June Rafael
        PO Box 740
        Prewitt, NM 87045
        Title – Navajo Artisan
        She will testify about the ownership and use of the trademarks at issue.

5.      Artie Yellowhorse
        2100 Zearing Avenue, NW
        Albuquerque, NM 87104
        (505) 266-0600

Title – Navajo Artisan
She will testify about the ownership and use of the trademarks at issue.

6.      Tommy Jackson
PO Box 1
Ganado, AZ 86505
(928) 654-3402
Title – Navajo Artisan
He will testify about the ownership and use of the trademarks at issue.

7.      Tommy Singer
Winslow, AZ
Title – Navajo Artisan
He will testify about the ownership and use of the trademarks at issue.

8.      Alfred Joe
Winslow, AZ
Title – Navajo Artisan
He will testify about the ownership and use of the trademarks at issue.

9.      Albert Nells
8195 Fran Dr.
Flagstaff, AZ 86004
(928) 527-9037
Title – Navajo Artisan
He will testify about the ownership and use of the trademarks at issue

10.     Virginia Ballenger
905 Mesa, Avenue
Gallup, NM 87301-5534
(505) 722-6837
Title – Navajo Artisan
She will testify about the ownership and use of the trademarks at issue.

11.     Penny Singer
1408 NE Pennsylvania St., Apt. 2
Albuquerque, NM 87110
(505) 265-8390
Title – Navajo Artisan
She will testify about the ownership and use of the trademarks at issue.

12.     Shayne Watson
PO Box 2884
Chinle, AZ 86503

       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

13.     Aaron Anderson
       Gallup, NM
       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

14.     Ronald Coan
       PO Box 413
       Gamerco, NM 87317
       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

15.     Lester Craig
       Window Rock, AZ
       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

16.     Howard Begay
       McKinley County, NM
       Title – Navajo Artisan
       She will testify about the ownership and use of the trademarks at issue.

17.     Jimmy Brown
       860 Kevin Dr.
       Gallup, NM 87301
       (505) 726-1703; (505) 726-2769
       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

18.     Jerry Cowboy
       PO Box 8
       Mentmore, NM 87319
       (505) 722-2956
       Title – Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

19.     Christopher Tom
       PO Box 1012
       Church Rock, NM 87311
       Title –Navajo Artisan
       He will testify about the ownership and use of the trademarks at issue.

**Defendants' potential witnesses:**

Defendants' respectfully submit that because neither document nor written discovery has started, it is too soon to identify in any meaningful way Defendants' potential witnesses. Nonetheless, it is expected that at least the following categories of witnesses may be called as witnesses or are likely to be deposed:

1. Representatives of Urban Outfitters, Inc.
   c/o Dickinson Wright PLLC
   He/she/they will testify about the selections and fair use of the terms at issue and marketing and sales and consumer perception

2. Representatives of Urban Outfitters Wholesale, Inc.
   c/o Dickinson Wright PLLC
   He/she/they will testify about selection and fair use of the terms at issue and marketing and sales and consumer perception

3. Representative of Anthropologie, Inc.
   c/o Dickinson Wright PLLC
   He/she/they will testify about selection and fair use of the terms at issue and marketing and sales and consumer perception

4. Representative of Free People of PA LLC,
   c/o Dickinson Wright PLLC
   He/she/they will testify about selection and fair use of the terms at issue and marketing and sales and consumer perception

5. **Numerous** Representatives of Defendants' various Third-Party Suppliers
   They will testify about nature, selection and fair use of the terms at issue, and consumer perception regarding same

6. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about length of alleged trademark use (and the lack of real use) of the terms at issue

7. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback

He/she/they will testify about the geographic scope (and lack thereof) of any trademark use

8.  Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about the specific uses -- with particularity -- that are alleged to infringe and the basis for those contentions

9.  Representatives of the Nation, DDC, and Navajo Arts and Crafts-–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about the strength (and lack of strength) of the terms at issue

10. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about consumer perception

11. Representatives of the Nation, DDC, and Navajo Arts and Crafts-if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about consumer sophistication

12. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about submissions (both accurate and inaccurate) and lack thereof to the Trademark Office in connection with all <u>86 asserted Federal Trademark Registrations</u>

13. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about use (and the lack of use) in connection with all <u>86 asserted Federal Trademark Registrations</u>

14. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
   c/o Keller Rohrback
   He/she/they will testify about its effort to police and its lack thereof to police any of the terms at issue

15. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about third party use of the terms at issue

16. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about the channels of trade at issue or not for the terms in dispute

17. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about Plaintiffs' motivations for bringing and maintaining this lawsuit

18. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about the identification and nature of all goods for which there is alleged to be trademark use

19. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about consumer confusion and in particular the lack thereof

20. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about manner in which Plaintiffs' goods are sold and marks are used

21. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback
          He/she/they will testify about publications and reference books and tribal use of the terms at issue

22. Representatives of the Nation, DDC, and Navajo Arts and Crafts–if called they will be called as adverse witnesses
          c/o Keller Rohrback

He/she/they will testify about any alleged harm or injury, or the lack of any harm
or injury

24. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about licensing and assignments of intellectual property

25. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about financial records relating to licensing and use of
intellectual property

26. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about expressing appreciation for removal of "navajo"
term

27. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about any business plans concerning IP administration
and selective enforcement activities

28. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about statements and characterizations made to the public,
including the press, regarding the activities of individual defendants

29. Representatives of the Nation, DDC, and Navajo Arts and Crafts –if called they will be
called as adverse witnesses
c/o Keller Rohrback
He/she/they will testify about the discrepancy between the dates of
correspondence as shown in written form and actual mailing date

30. Third-Party Attorneys and other Parties who were involved in obtaining the Federal
Trademark Registrations asserted by Plaintiffs
He/she/they will testify about what was known and what was told and submitted
to the USPTO in connection with the applications associated with the asserted
registrations

## VIII.   LIST OF POTENTIAL TRIAL EXHIBITS

**Plaintiffs' potential trial exhibits:**

1.      Urban Outfitters website screenshot – Dexter Navajo Tee

2.      Urban Outfitters website screenshot – Ecote Navajo Surplus Jacket

3.      Urban Outfitters website screenshot – Ecote Navajo Wool Tote Bag

4.      Urban Outfitters website screenshot – Jeffrey Campbell Navajo Crossbody Bag

5.      Urban Outfitters website screenshot – Lucca Couture Navajo Pullover Sweater

6.      Urban Outfitters website screenshot – Navajo Bracelet (2 pack)

7.      Urban Outfitters website screenshot – Navajo Feather Earring

8.      Urban Outfitters website screenshot – Navajo Hipster Panty

9.      Urban Outfitters website screenshot – Navajo Print Fabric Wrapped

10.     Urban Outfitters website screenshot – OBEY Navajo Gloves

11.     Urban Outfitters website screenshot – OBEY Navajo Nations Crew Pullover

12.     Urban Outfitters website screenshot – OBEY Navajo Painters Jacket

13.     Urban Outfitters website screenshot – OBEY Navajo Print Tank Top

14.     Urban Outfitters website screenshot – OBEY Navajo Scarf

15.     Urban Outfitters website screenshot – OBEY Wool Navajo 5-Panel Cap

16.     Urban Outfitters website screenshot – Pendelton Navajo Weekender Bag

17.     Urban Outfitters website screenshot – Red Navajo Primsoll Sneaker

18.     Urban Outfitters website screenshot – Staring at Stars Strapless Navajo Dress

19.     Urban Outfitters website screenshot – Title Unknown Techno Navajo Quilt

Oversized Crop Tee

    20.    Urban Outfitters website screenshot – Navajo Sock

    21.    Urban Outfitters website screenshot – Vintage Men's Woolrich Navajo Jacket

    22.    Urban Outfitters website screenshot – Vintage Woolrich Navajo Jacket

    23.    Urban Outfitters website screenshot – Wide Navajo Scarf

    24.    Free People website screenshot – Joplin Fringe Bag

    25.    Free People website screenshot – Vintage Handmade Navajo Necklace

    26.    Free People website screenshot – Vintage Navajo Handmade Necklace

    27.    Free People website screenshot(s) – Vintage Navajo Cuff

    28.    Free People website screenshot – Vintage Navajo Handmade Cuff

    29.    Free People website screenshot(s) – Vintage Navajo Squash Necklace

    30    Anthropologie website screenshot(s) – Navajo Blossom Pin

    31.    Letter from the Nation to Urban Outfitters re: Cease and Desist Marketing

Products using "Navajo"

    32.    FreePeople website screenshot – Summary of "Navajo" search on website

    33.    Navajo Trademark Registration – Registration No. 3793381

    34.    Navajo Arts & Crafts Guild Trademark Registration – Registration No. 3829700

    35.    Navajo Trademark Registration – Registration No. 3846651

    36.    Navajo Arts & Crafts Guild Trademark Registration – Registration No. 3787515

    37.    Navajo Trademark Registration – Registration No. 3787518

    38.    Navajo Trademark Registration – Registration No. 2237848

    39.    Navajo Trademark Registration – Registration No. 2573986

40.    Navajo Trademark Registration – Registration No. 2976666

41.    Navajo Trademark Registration – Registration No. 3602907

42.    Free People website screenshot(s) – Vintage Woven Bag

43.    Free People website screenshot – Vintage Heishi Bead Earrings

44.    FreePeople website screenshot – Summary of "native american" website search

45.    Urban Outfitters website screenshot – Printed Bracelet (2 pack)

46.    Free People website screenshot(s) – Palmedo Blanket Bag

47.    Free People website screenshot – Saddle Blanket Bag

48.    Free People website screenshot – Vintage Cherokee Backpack

49.    Free People website screenshot – Magical Feather Bag

50.    2011 Urban Outfitters Inc. Annual Reports– Form 10-K

51.    2012 Urban Outfitters Inc. Annual Reports– Form 10-K

52.    Website Screenshots from www.navajo.org

53.    Website Screenshots from www.navajobusiness.com

54.    Website Screenshots from www.navajobusinessdevelopment.com

55.    Website Screenshots from www.gonavajo.com

56.    Website Screenshots from www.discovernavajo.com

57.    Website Screenshots from www.navajo-nsn.gov

58.    Website Screenshots from www.temeinc.com

59.    Webster's Third New International Dictionary definition of "Navajo"

61.    Navajo Arts & Crafts Guild Trademark Registration – Registration No. 0407344

62.    Comparisons of Free People's and the Nation's products

63.     Comparisons of Urban Outfitters' and the Nation's products

64.     Comparisons of Anthropologie's and the Nation's products

65.     Individual Artisan website screenshots

66.     Photograph taken by Matthew P. Griffin of OBEY Five Pane NAVAJO hat

67.     2012.08.03 Letter from Keller Rohrback to Dickinson Wright re Lawsuit

68.     2012.08.10 Letter from Dickinson Wright to Keller Rohrback re Lawsuit

69.     2012.08.31 Letter from Keller Rohrback to Dickinson Wright re Lawsuit

70.     2012.09.21 Letter from Keller Rohrback to Dickinson Wright re Lawsuit

71.     2012.10.01 Letter from Dickinson Wright to Keller Rohrback re Lawsuit

72.     2012.03.23 Letter from Keller Rohrback to OBEY (One 3 Two, Inc. d/b/a OBEY) re Navajo – Infringement of Intellectual Property Rights

73.     Letter from OBEY to Keller Rohrback (responding to 2012.03.23 letter)

74.     Urban Outfitters NAVAJO Hipster panties (purchased at Urban Outfitters)

75.     Urban Outfitters NAVAJO Scarf (purchased at Urban Outfitters)

**Defendants' potential trial exhibits:**

Defendants' respectfully submit that because neither document nor written discovery has started, it is too soon to identify potential trial exhibits, although Defendants may utilize some of the documents identified by the Plaintiffs at trial and will submit an abundance of third-party use showing the term "navajo" is today recognized to be a generic term incapable of trademark protection, as well as third-party use, and use by Defendants showing "fair use", as well as statements made by Plaintiffs to the USPTO demonstrating that Plaintiffs are equitably estopped from brining suit against Defendants under the Indian Arts and Crafts Act (as well as the Lanham

Act), as well as Plaintiffs' use (or lack thereof) including the character of such use (such as on shot glasses).

## IX.    EXPERTS

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Neither party has yet retained expert witnesses, however, experts will likely be retained and are expected to testify at trial concerning at least:

Consumer Understanding

Practice before the United States Patent and Trademark Office

Marketing/Channels of Trade

Damages

## X.    SUBJECTS OF DISCOVERY

A.    Plaintiffs propose that discovery will be needed on the following subjects:

1.    The likelihood of confusion caused by Defendants' infringement of Plaintiffs' trademarks.

2.    The dilution and tarnishment caused by Defendants' infringement of Plaintiffs' trademarks.

3.    The unfair competition and false advertising caused by Defendants' infringement of Plaintiffs' trademarks.

4.    The willfulness of Defendants' alleged infringement of Plaintiffs' trademarks.

5.    Whether Defendants' actions violated the New Mexico Trademark Act.

6.    The damages caused by Defendants' use of Plaintiffs' trademarks.

7.     Whether Defendants' advertisement, display, offering for sale, and sales of goods violated the Indian Arts and Crafts Acts ("IACA").

8      The damages caused by Defendants' alleged violation of the IACA.

9.     Whether Defendants advertisement, display, offering for sale, and sales of goods violated the New Mexico Unfair Practices Act ("NMUPA").

10.    The damages caused by Defendants' alleged violation of the NMUPA.

11.    Whether a permanent injunction should be entered against Defendants.

B.     Defendants propose that discovery will be needed on the following subjects:

1.     Plaintiffs' claimed rights in the term "navajo" including the length of use, the nature of use, the geographic scope of such use, sales related to such use, and promotion related to such use.

2.     Consumer perception of the term "navajo" including third party reporting of such perception and third party marketing and promotion, and industry use of the term "navajo".

3.     The strength of any protectable rights (or lack such rights), including length of use, geographic scope, marketing, sales, promotion.

4.     Efforts to police and not otherwise abandon to the public any protectable rights.

5.     The 86 Federal Trademark Registrations that Plaintiffs claim to have properly acquired, including the representations made to the United State Patent and Trademark Office as part of the application process, the specimens of purported use, as well as evidence of actual use.

6.     The nature of Defendants' use of the accused term, including how presented and show shown and how viewed for hundreds of products provided by dozens upon dozens of suppliers.

7.      Whether there is any likelihood of confusion (or lack thereof) caused by Defendants' use of the accused terms, including strength of any alleged mark, channels of trade, customer sophistication, nature of goods, marketing, and any evidence of actual confusion.

8.      The extent of any dilution and tarnishment (or lack thereof) caused by Defendants' alleged infringement of Plaintiffs' trademarks.

9.      The extent of any willfulness and/or good faith of Defendants' alleged infringement of Plaintiffs' trademarks.

10.     Plaintiffs purpose in bringing and maintaining this lawsuit.

11.     Any damages (and lack of damages thereof) caused by Defendants' use of Plaintiffs' alleged trademarks.

12.     Whether Defendants' advertisement, display, offering for sale, and sales of goods violated the Indian Arts and Crafts Acts ("IACA").

13      The damages (or lack thereof) caused by Defendants' alleged violation of the IACA.

14.     Whether Defendants advertisement, display, offering for sale, and sales of goods violated the New Mexico Unfair Practices Act ("NMUPA").

15.     The damages (or lack thereof) caused by Defendants' alleged violation of the NMUPA.

16.     Whether a permanent injunction should be entered against Defendants.

17.     Cancellation of Plaintiffs' Federal Trademark Registrations.

18.     Each of Defendants' contentions set forth above at pages 3-10 to the extent not duplicated above.

## XI.    DISCOVERY LIMITS

Plaintiffs request discovery limits as provided by the Federal Rules of Civil Procedure.

Defendants request a maximum of thirty interrogatories may be served on each party, without leave of court. Defendants also request a maximum of thirty document requests may be served on each party, without leave of court.

## XII.    PRETRIAL MOTIONS

Both parties expect to file motions for summary judgment and motions *in limine* regarding evidentiary issues.

## XIII.    ESTIMATED TRIAL TIME

The parties estimate trial will require fifteen business days.

☐        This is a non-jury case.

☒        This is a jury case.

The parties request a pretrial conference one month prior to the close of discovery.

## XIV.    SETTLEMENT

The parties are trying to schedule a mediation to occur within the next few months.

## XV.    EXCEPTIONS

Where counsel cannot agree to any recitation herein, exceptions are listed.


RESPECTFULLY SUBMITTED this 22 day of April, 2013.

<div style="margin-left: 40%;">

NAVAJO NATION DEPARTMENT OF JUSTICE
HARRISON TSOSIE, ATTORNEY GENERAL

*/s/ B.L. Lewis*
Brian L. Lewis, Attorney
BIA Club Building
Post Office Box 2010

</div>

Window Rock, Navajo Nation (Arizona) 86515
Telephone: 928/871-6933 / Fax: 928/871-6200
blewis@nndoj.org

KELLER ROHRBACK L.L.P.

*/s/ Karin B. Swope*
Mark A. Griffin
Karin B. Swope
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: 206/428-0561 / Fax: 206/623-3384
mgriffin@kellerrohrback.com
kswope@kellerrohrback.com

*Attorneys for the Navajo Nation*

RESPECTFULLY SUBMITTED this 22nd day of April, 2013.

BUTT THORNTON & BAEHR PC

*Signed w/ authorization*
Alfred L. Green, Jr., Esq.
Post Office Box 3170
Albuquerque, NM 87110
Phone: 505/884-0777 / Fax: 505/889-8870

DICKINSON WRIGHT PLLC

*Signed w/ authorization*
H. Jonathan Redway, Esq.
Nicole M. Meyer, Esq.
Melissa Alcantara, Esq.
1875 Eye Street, N.W., Suite 1200
Washington, D.C. 20006
Phone: 202/457-0160 / Fax: 202/659-6924

Joseph A. Fink, Esq.
DICKINSON WRIGHT PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
Phone: 517/487-4711 / Fax: 487-4700

*Attorneys for Defendants*

27

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 22nd day of April, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means:

H. Jonathan Redway
jredway@dicksonwright.com

Nicole M. Meyer
nmeyer@dicksonwright.com

Melissa A. Alcantara
malcantara@dicksonwright.com

Alfred Green, Jr.
algreen@btblaw.com

Joseph A. Fink
jfink@dicksonwright.com

The following parties have not yet appeared or registered with ECF and will be served via U.S. Mail:

Michael Silbert
Deputy General Counsel for Urban Oufitters, Inc.

/s/ *B. L. Lewis*
Brian L. Lewis
Office of the Attorney General
The Navajo Nation

/s/ *Karin B. Swope*
Karin B. Swope
Keller Rohrback L.L.P.

Attorneys for the Navajo Nation