IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


THE NAVAJO NATION, et al.,

      Plaintiffs,

v.                                                                 No. 12cv0195 LH/LAM

URBAN OUTFITTERS, INC., et al.,

      Defendants.


## ORDER GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE [*Doc. 146*]

**THIS MATTER** is before the Court on *Defendants' Motion for Extension of Time to File Response to Plaintiff's Motion to Compel and Request to Take Two Additional Depositions and Plaintiffs' Motion for Partial Summary Judgment (Doc. 146)*, filed July 29, 2014.  On July 31, 2014, Plaintiffs filed a response to the motion [*Doc. 147*] and a declaration in support of their response [*Doc. 148*].  On August 5, 2014, the parties filed a stipulation stating they had resolved all of the issues raised in Defendants' motion for an extension of time and in Plaintiff's response to the motion, except for Defendants' request for a seven-day extension of time to file a response to Plaintiff's motion to compel.  [*Doc. 149*].  Also on August 5, 2014, Defendants filed a reply to their motion for an extension of time.  [*Doc. 150*].  Having considered the motion, response, stipulation, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED as moot in part**.

In their motion for an extension of time, Defendants request an extension of seven days to file a response to Plaintiffs' motion to compel, and a 14-day extension to file a response to Plaintiffs' motion for partial summary judgment.  [*Doc. 146* at 1].  In their response to the

motion, Plaintiffs state that they do not oppose the 14-day extension with regard to the motion for summary judgment, as long as Defendants agree to provide eight sample goods for inspection in New Mexico at the deposition of Barbara McGough to be conducted the week of August 25, 2014. [*Doc. 147* at 2]. Plaintiffs state that they oppose the seven-day extension with regard to the motion to compel because they need the requested documents to prepare for depositions and to aid in drafting additional discovery requests, and that extending Defendants' deadline to respond to the motion to compel would affect Plaintiffs' ability to conduct this additional discovery prior to the discovery deadline of September 15, 2014. *Id.* at 3. In addition, Plaintiffs include in their response to Defendants' motion a cross-motion to allow the inspection of eight sample goods in New Mexico at the deposition of Barbara McGough, instead of at Defense counsel's offices in Washington, D.C. *Id.* at 5-6.

In the parties' stipulation, filed on August 5, 2014, the parties state that they have resolved the issue of extending Defendants' response deadline regarding Plaintiff's motion for summary judgment, and regarding the inspection of the eight sample goods in New Mexico. [*Doc. 148* at 1]. The Court, therefore, will deny as moot Defendants' motion and Plaintiff's cross-motion with regard to these two issues. However, the parties should be aware of the Court's prohibition on raising separate issues in one motion, and on raising a motion in a response brief. *See* D. N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought."). Thus, Defendants' combining their motion for an extension of time regarding Plaintiffs' summary judgment motion, which is for the presiding judge to decide, with their motion for an extension of time regarding Plaintiffs' motion to compel, which is for the undersigned to decide, creates a logistical problem for the Court. In addition, Plaintiff's "cross-motion" in their

response brief is not the proper method by which to ask for a ruling from the Court. The Court notes that this case involves many out-of-state counsel, and instructs the parties' local counsel to review documents prepared by their out-of-state co-counsel prior to filing to ensure compliance with this Court's rules and requirements.

With regard to Defendants' request for a seven-day extension of time to file a response to Plaintiff's motion to compel, the Court first notes that on July 21, 2014, Plaintiffs filed a motion to compel with restricted access to only case participants and the Court [*Doc. 133*], along with a "Declaration" and six "Erratas," which appear to contain exhibits to the motion to compel [*Docs. 134* to *140*]. On July 22, 2014, Plaintiffs filed a second motion to compel, which has no access restrictions and is titled "Public Version." [*Doc. 141*]. Plaintiffs also filed two additional documents regarding the second motion to compel, which appear to contain exhibits to the second motion to compel. [*Docs. 142* and *143*]. It appears that these two motions to compel are identical, but the Court will not compare the more than 300 pages relating to the first motion to compel with the more than 200 pages relating to the second motion to compel to determine whether or not they are the same. The Court hereby orders Plaintiffs to file a notice with the Court stating which motion to compel they would like a ruling on, and which documents containing exhibits are relevant to that motion, and to do this no later than **August 11, 2014** so Defendants know to which document they need to respond.

Defendants request a seven-day extension of time to respond to Plaintiffs' motion to compel because the motion involves numerous disputed discovery requests and will require affidavits from employees from the various Defendants who were involved with the issues raised in the motion to compel. *See* [*Doc. 146* at 2]. The Court finds that this request is reasonable given the number of disputed discovery requests and Defendants' contention that they will need

3

additional time to obtain relevant affidavits.  The Court notes Plaintiffs' concern that Plaintiffs may want to engage in additional discovery relating to the possible production of the disputed discovery, which might fall outside of the current discovery deadline of September 15, 2014.  *See* [*Doc. 147* at 3].  However, if the Court grants all or part of Plaintiffs' motion to compel, the Court will allow a reasonable request by Plaintiffs for additional time in which to conduct discovery limited to the discovery that is produced as a result of a ruling on Plaintiffs' motion to compel.

The Court is dismayed that counsel for both sides have been unable to resolve what appears to be a simple request of only a seven-day extension, although they were able to reach agreement on their other two disputes, albeit *after* this motion was filed.  Fighting over minor requests such as these not only costs litigants expensive attorneys' fees, but they tax the Courts limited resources and burden the Court's already busy dockets.  The parties could have agreed to Plaintiffs conducting the additional discovery requested by Plaintiffs, if needed, which would have precluded the need for the Court's intervention regarding Defendants' response deadline.  The Court further notes that Plaintiffs have filed an *opposed* motion for an extension of the page limits for the exhibits relating to their motion to compel.  [*Doc. 132*].  Defendants have not requested an extension of time for their response to this motion.  This is another issue that the parties could easily have resolved on their own, without the Court's intervention, and it is not the usual practice in New Mexico for attorneys to oppose these sorts of motions.  The Court, therefore, instructs the local counsel for all parties in this case to review the Lawyer's Creed of Professionalism of the State Bar of New Mexico with their out-of-state counsel and ensure compliance with the admonitions set forth therein.  *See* D. N.M. LR-Civ. 83.9 ("Lawyers appearing in this District must comply with the section for lawyers of 'A Creed of Professionalism of the New Mexico Bench and Bar.'").  The Court specifically calls counsel's attention to the admonition for counsel

4

to engage in the following behavior with respect to opposing parties and their counsel: "I will be courteous and civil, both in oral and in written communications; . . . I will agree to reasonable requests for extensions of time or waivers of formalities when legitimate interests of my client will not be adversely affected." *See* Creed of Professionalism at www.nmbar.org/Attorneys/creed.html (site last checked August 7, 2014).

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendants' Motion for Extension of Time to File Response to Plaintiff's Motion to Compel and Request to Take Two Additional Depositions and Plaintiffs' Motion for Partial Summary Judgment (Doc. 146)*, is **GRANTED in part** and **DENIED as moot in part** as follows:

1. Defendants' motion is **DENIED as moot** as to Defendants' request for an extension of time regarding their response to Plaintiffs' motion for summary judgment and Plaintiffs' cross-motion regarding the location of the inspection of goods;

2. Plaintiffs shall file a notice with the Court **no later than August 11, 2014** stating which motion to compel they would like a ruling on, and which documents containing exhibits are relevant to that motion;

3. Defendants' motion is **GRANTED** as to a seven-day extension of time to respond to Plaintiffs' motion to compel (either *Doc. 133* or *141*, to be clarified by Plaintiffs); and

4. If the Court grants any or all of Plaintiffs' motion to compel, and if Plaintiffs require an extension of the discovery deadline to conduct additional discovery that cannot be pursued prior to Plaintiffs' receipt of the discovery at issue in their motion to compel, the parties may either agree to an extension or, if necessary, Plaintiffs may request an extension from the Court. Such an extension will most likely be granted if the Court finds that the discovery at issue should have been produced by Defendants.

IT IS SO ORDERED.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**