IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE NAVAJO NATION, et al.,**

    **Plaintiffs,**

v.     No. 12cv0195 LH/LAM

**URBAN OUTFITTERS, INC., et al.,**

    **Defendants.**

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION [*Doc. 187*]

**THIS MATTER** is before the Court on *Plaintiffs' Motion and Memorandum to Compel Responses to Plaintiffs' Amended Request for Admission No. 32 and Plaintiffs' Fourth Requests for Admission to Each Defendant (Doc. 187)*, filed October 6, 2014. On October 23, 2014, Defendants filed a response to the motion to compel [*Doc. 199*], and Plaintiffs filed a reply on November 4, 2014 [*Doc. 203*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED**.

In their motion to compel, Plaintiffs contend that Defendants improperly objected to Requests for Admission (hereinafter "RFA") Nos. 32 and 34-42, stating that the requests are untimely because the responses to the RFAs would be due after the close of fact discovery. [*Doc. 187* at 1] (citing *Docs. 187-3* and *187-4*). Plaintiffs contend that the RFA are not untimely because they were served more than 30 days before the deadline for fact discovery. [*Doc. 187* at 2-3] (citing Rule 36(a)(3)). In response, Defendants contend that these RFAs are untimely because they were served on Defendants on August 14, 2014, making the responses due by

September 16, 2014, which was one day past the discovery cutoff of September 15, 2014. [*Doc. 199* at 4]; *see also* [*Docs. 187-3* and *187-4*] (Defendants' objections to these RFAs on the basis that they are untimely). Defendants state that Plaintiffs have propounded an excessive amount of discovery and have fabricated discovery disputes regarding Defendants' discovery responses. [*Doc. 199* at 5]. Defendants also contend that Plaintiffs served a fifth set of discovery requests even later than the RFAs at issue in this motion. *Id.* at 4-5. Defendants contend that they would be prejudiced by having to respond to these RFAs because Plaintiffs have served more than 150 discovery requests and have made numerous baseless challenges to Defendants' discovery responses. *Id.* at 13. In their reply, Plaintiffs cite to numerous cases excusing a delay in serving discovery requests if such a delay is not excessive. [*Doc. 203* at 3]. In addition, Plaintiffs state that they will not move to compel answers to their fifth set of RFAs. *Id.* at 5.

The Court finds that Plaintiffs' service of RFA Nos. 32 and 34-42 thirty-two (32) days before the close of discovery, which made Defendants' responses due one day past the close of discovery, was not unreasonable. While Plaintiffs should have served the RFAs so that Defendants' responses would have been due on or before the close of discovery, Defendants fail to show how they were prejudiced in any way by this one-day delay. Defendants' contention that Plaintiffs' untimeliness by one day should not be excused because Plaintiffs have served many requests for discovery and have objected to many of Defendants' discovery responses is without merit. This case involves large corporations and many issues, so it necessarily involves extensive discovery and large numbers of documents. Moreover, the Court has found that many of the issues raised by Plaintiffs in their motions to compel were meritorious. The Court finds no showing of bad faith on the part of Plaintiffs such that a one-day delay should not be forgiven.

3

The Court is surprised that Defendants would not give this courtesy to Plaintiffs. A one-day delay, with no showing of harm, is an issue the parties should have been able to work out on their own.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiffs' Motion and Memorandum to Compel Responses to Plaintiffs' Amended Request for Admission No. 32 and Plaintiffs' Fourth Requests for Admission to Each Defendant (Doc. 187)* is **GRANTED**, and Defendants shall respond to RFA Nos. 32 and 34-42 **no later than fifteen (15) days after the entry of this Order**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**