IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

v.                                    No. 12cv0195 LH/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL CONTINUED RULE 30(B)(6) DEPOSITION [*Doc. 170*]

**THIS MATTER** is before the Court on ***Defendants' Motion to Compel Continued Rule 30(b)(6) Deposition and for Discovery Sanctions*** *(Doc. 170)*, filed September 10, 2014. On October 3, 2014, Plaintiffs filed a response to the motion to compel [*Doc. 185*], and Defendants filed a reply on October 20, 2014 [*Doc. 197*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED**.

In their motion to compel, Defendants contend that Plaintiffs' designated corporate representative appeared at a deposition unprepared to testify regarding a majority of the topics Defendants identified in the deposition notice. [*Doc. 170* at 3]. Defendants state that, on July 11, 2014, they served a Rule 30(b)(6) deposition notice on Plaintiffs to designate a person or persons to testify as to 26 specific topics, including the location of Plaintiffs' various computers, file back-up schedules and procedures, electronic records management policies, the identity of individuals responsible for managing Plaintiffs' computer network, Plaintiffs' document retention policies and procedures, the issuance of any litigation hold notices, and Plaintiffs' efforts to search

for and collect documents responsive to Defendants' discovery requests.  *Id.* at 4 (citing deposition notice at *Doc. 170-4*).  On August 11, 2014, Defendants served on Plaintiffs an amended Rule 30(b)(6) deposition notice changing only the deposition date.  [*Doc. 170* at 4-5] (citing *Doc. 170-5*).  Defendants state that each Plaintiff designated Ray Dalgarito[1] as its corporate representative as to all 26 of the topics identified in the deposition notice.  [*Doc. 170* at 5] (citing *Doc. 170-6* at 1-2).  Defendants contend that Mr. Dalgarito was unprepared to testify on behalf of the Navajo Nation regarding Topic Nos. 8, 15-17, and 23-25, and that he was only able to testify on behalf of the Navajo Nation's Division of Economic Development, and was thus unprepared to testify for the remainder of the Navajo Nation for Topic Nos. 1, 2, 5,7, 9, 10, 12, and 20.  *See* [*Doc. 170* at 6] (citing *Doc. 170-1*, affidavit of Lindsay E. DeMoss, attorney for Defendants).  Furthermore, Defendants contend that he was unprepared to testify on behalf of the Diné Development Corporation for Topic Nos. 1, 8-12, 15-17, 20, and 23-25.  *Id.*  Defendants contend that Mr. Dalgarito was unprepared because he testified that he did not review any documents other than the amended deposition notice and he did not substantively interview any of Plaintiffs' employees to prepare for the deposition.  [*Doc. 170* at 7].  Defendants further contend that Mr. Dalgarito was unprepared to testify regarding the issuance of Plaintiffs' litigation hold notices (*Doc. 170* at 8, citing *Doc. 170-6* at 12-13); past and present computer operating systems (*Doc. 170* at 9, citing *Doc. 170-6* at 7); record retention policies (*Doc. 170* at 11, citing *Doc. 170-6* at 12, 3, 4, and 10); efforts to preserve, search for and produce ESI (*Doc. 170* at 11-13, citing *Doc. 170-6* at 13, 5, 8, 10, 11, 14 and 15); and websites (*Doc. 170* at 14, citing *Doc. 170-6* at 4-5).  Defendants ask the Court to order a continued Rule 30(b)(6) deposition and to compel Plaintiffs to

---

[1] The Court notes that Plaintiffs spell the designee's name as "Delgarito" (*see Doc. 185* at 7) while Defendants and the deposition transcript spell it "Dalgarito" (*see Doc. 170* at 5 and *Doc. 170-6* at 1).  It is not clear to the Court which spelling is correct, so the Court will use "Dalgarito" since it is likely that he spelled his name for the court reporter at the deposition.

produce adequately prepared designees who can provide complete, knowledgeable, and binding testimony, and to award Defendants their costs and fees incurred in bringing this motion and for the continued deposition.  *Doc. 170* at 20.

In response, Plaintiffs first contend that Defendants did not adequately meet and confer with them regarding this motion because they did not give Plaintiffs adequate time to respond to a letter e-mailed to counsel for Plaintiffs on August 29, 2014.  [*Doc. 185* at 4].  Plaintiffs contend that they did not receive the e-mail because it was quarantined by Plaintiffs' spam server, and that, when Defendants did not receive a response to the e-mail, Defendants should have followed up with them before filing the motion.  *Id.*  Therefore, Plaintiffs ask the Court to summarily deny Defendants' motion for failing to comply with the Court's rule regarding determining whether a motion is opposed before filing the motion.  *Id.* at 7.  In addition, Plaintiffs contend that their Rule 30(b)(6) witness provided sufficient testimony during his deposition.  *Id.*  Plaintiffs contend that Mr. Dalgarito prepared for the deposition with counsel for nearly six hours prior to the deposition, and that he had multiple calls with counsel in the weeks leading up to the deposition.  *Id.* at 7-8.  Plaintiffs contend that Mr. Dalgarito testified about the litigation hold notices (*id.* at 8, citing *Doc. 185-2* at 4), and the locations of relevant sources and efforts taken to preserve, search for, and produce ESI (*Doc. 185* at 9, citing *Doc. 185-2* at 3).  Plaintiffs contend that Mr. Dalgarito provided sufficient information regarding the process undertaken by the Plaintiffs to identify, collect, and produce responsive documents, and contend that additional depositions are unnecessary because additional information can be obtained in written discovery.  [*Doc. 185* at 10].  Plaintiffs attach six declarations regarding each entity's IT system, document retention policy, and the document collection and production process, and Plaintiffs contend that these declarations should satisfy the inadequacy of Mr. Dalgarito's Rule 30(b)(6) testimony.  *Id.*

(citing *Docs. 185-3* through *185-8*).  Plaintiffs also contend that Defendants' deposition notice did not mention websites, so Plaintiffs were under no obligation to provide testimony on this topic. [*Doc. 185* at 11].   Finally, Plaintiffs contend that sanctions should not be awarded to Defendants because Defendants failed to properly meet and confer regarding the motion, and because Plaintiffs' opposition to Defendants' motion to compel is substantially justified.  *Id.* at 11-13.

In reply, Defendants contend that Plaintiffs' attempt to cure the deficiencies in Mr. Dalgarito's testimony by producing written declaration testimony is inadequate because Defendants have no opportunity to cross-examine these witnesses regarding the content of their declarations.  [*Doc. 197* at 3].  Defendants contend that these declarations are also inadequate because Mr. Dalgarito made no attempt to supplement or correct his deposition testimony via errata or declaration.  *Id.* at 5.  Defendants further contend that they complied with their obligation to confer with Plaintiffs prior to filing the motion because they told Plaintiffs at Mr. Dalgarito's deposition that they would likely be filing a motion regarding the deposition, and they sent a letter to Plaintiffs' counsel detailing their position regarding Mr. Dalgarito's deposition and waited eight days after the deadline provided in the letter for a response from Plaintiffs.  *Id.* at 7-8.  Defendants ask the Court to grant them the relief requested in their motion to compel and to strike the declarations filed in support of Plaintiffs' response.  *Id.* at 9.

First, the Court finds that Defendants' August 29, 2014 letter to Plaintiffs regarding their concerns with Mr. Dalgarito's deposition (*Doc. 170-2*) is sufficient to comply with Rule 37(a)(1) and the Court's Local Rule 7.1(a) which require a party to confer or attempt to confer in good faith prior to filing a motion to compel.   While Plaintiffs state they did not receive the letter since it was sent by e-mail, Plaintiffs make no showing that e-mailing a letter is insufficient notification to another party, other than stating that the parties had previously corresponded by both e-mail and

4

letters via U.S. mail.  *See* [*Doc. 185* at 5].  Plaintiffs' contention that Defendants did not give them adequate time to respond to the letter is also without merit since Defendants did not file their motion until more than ten days after sending the letter.   The Court, therefore, will not summarily deny Defendants' motion for failure to confer with opposing counsel.

A person designated to testify on behalf of an organization under Rule 30(b)(6) "must testify about information known or reasonably available to the organization."  This person has a duty to be knowledgeable on the subject matter identified as the area of inquiry, and the designating party has a duty to designate more than one deponent if it would be necessary to do so to adequately respond.  *See Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998).   In addition, the designating party has a duty to prepare the witness to testify on matters known by the deponent, as well as those that should be reasonably known by the designating party.  *Id.*  "[T]he purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know."  *Id.*  If it becomes apparent that the deponent is unable to respond to certain relevant areas of inquiry, the designating party has a duty to substitute an appropriate deponent.  *Id.*

Defendants' deposition notice notified Plaintiffs of their duty to designate one or more persons qualified to testify on their behalf regarding 26 specific topics on Information Technology systems and document retention and production.  *See* [*Doc. 170-4* at 3-7].  Plaintiffs' only objection to this notice was that the topics in Defendants' amended notice were the same as those in Defendants' original notice, and that Topic Nos. 49 and 51 were dismissed by the Court and are no longer the subject of this lawsuit.  *See* [*Doc. 171*].  Neither of these objections are relevant, however, since the amended deposition notice only changed the date of the deposition (*compare Doc. 170-4 with Doc. 170-5*), so the topics were of course repeated, and the deposition notice only

5

has 26 topics, so Plaintiffs reference to Topic Nos. 49 and 51 is nonsensical. Plaintiffs presented Mr. Dalgarito for the Rule 30(b)(6) deposition on behalf of all three Plaintiffs (the Navajo Nation, the Navajo Arts and Crafts Enterprise, and the Diné Development Corporation), to testify on all 26 topics in the Rule 30(b)(6) deposition notice. *See* [*Doc. 170-6* at 1-2]. Mr. Dalgarito testified that he did not meet with anyone other than his counsel, and that he did not review any documents other than the deposition notice, in preparation for the deposition. *Id.* at 2. Mr. Dalgarito also testified that he did not know if there is a record retention policy for the Diné Development Corporation or Navajo Arts and Crafts Enterprise (*id.* at 3), he did not know what the retention period is on Plaintiffs' electronic backup materials (*id.* at 4), he did not know whether ESI was collected from any former employees (*id.* at 5), he did not know the number, types and locations of computers currently in use for the Navajo Nation outside of the Division of Economic Development (*id.* at 6-7), he did not know the past and present operating systems for the Diné Development Corporation or Navajo Arts and Crafts Enterprise (*id.* at 7), he did not know if there are any file-naming or location-saving conventions for any of the plaintiffs (*id.*), he did not know the backup procedures for the Diné Development Corporation or Navajo Arts and Crafts Enterprise (*id.* at 8), and he did not know the location or identity of all electronic records that are relevant to this case for the Diné Development Corporation or Navajo Arts and Crafts Enterprise (*id.*). Mr. Dalgarito testified that he did not know if there are record retention policies for the Diné Development Corporation or Navajo Arts and Crafts Enterprise, and that he did not know about their electronic records management policy. *Id.* at 10. He did not know which servers were searched, who was responsible for the selection and identification of relevant ESI, which files were searched for ESI, or about litigation holds. *Id.* at 10-13 and 15-16.

The Court finds that this testimony does not satisfy Plaintiffs' obligation to designate a Rule 30(b)(6) deponent to testify about information known or reasonably available to the organization. While Plaintiffs contend that Mr. Dalgarito adequately responded to Defendants' questions, Plaintiffs' only support for this contention is Mr. Dalgarito's responses to Plaintiffs' counsel's leading questions regarding who provided the litigation hold. *See* [*Doc. 185* at 8] (citing *Doc. 185-2* at 3-4). Plaintiffs' attempt to supplement Mr. Dalgarito's testimony with written declarations does not cure their failure to designate an appropriate deponent or deponents for a Rule 30(b)(6) deposition. The Court, therefore, will grant Defendants' motion to compel and will order Plaintiffs to designate an adequately prepared Rule 30(b)(6) deponent or deponents to provide testimony on the 26 topics in the deposition notice. The Court agrees with Plaintiffs that Defendants' deposition notice does not mention websites (*see Doc. 185* at 11), so Plaintiffs will not be required to provide a deponent with knowledge of any more than the topics listed in the deposition notice. In addition, the Court finds no reason to strike the affidavits attached to Plaintiff's response to the motion to compel (*see Doc. 197* at 9) since the Court has found that they are insufficient to cure Plaintiffs' obligation to provide an adequate and knowledgeable Rule 30(b)(6) deponent. Therefore, the Court will not grant this request made in Defendant's reply brief.

Finally, the Court finds that Plaintiffs should pay Defendants' costs and fees incurred in bringing this motion and in taking the second Rule 30(b)(6) deposition. Rule 37(a)(5)(A) provides that a Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Plaintiffs have had an opportunity to be heard regarding the award of sanctions, as the issue was raised in Defendants' motion and Plaintiffs

responded to it in their response brief.  The Court finds that none of the exceptions to awarding sanctions apply here as the Court has found that Defendants attempted to confer with Plaintiffs regarding the motion prior to filing it, Plaintiffs' failure to adequately prepare Mr. Dalgarito for his deposition was not substantially justified, and no other circumstances have been presented to the Court that would make an award or expenses unjust.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendants' Motion to Compel Continued Rule 30(b)(6) Deposition and for Discovery Sanctions (Doc. 170)* is **GRANTED**, and Plaintiffs shall designate an adequately prepared Rule 30(b)(6) deponent or deponents to provide testimony on the 26 topics in the deposition notice **no later than thirty (30) days after the entry of this Order**.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay Defendants' reasonable costs and attorneys' fees incurred in bringing this motion and in holding a second Rule 30(b)(6) deposition.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**