# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE NAVAJO NATION, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>URBAN OUTFITTERS, INC., et al.,<br><br>   Defendants. | No. 1:12-cv-00195-LH-LAM |

### DEFENDANT URBAN OUTFITTERS, INC.'S REPLY IN SUPPORT OF
### MOTION FOR LEAVE TO FILE SURREPLY

  Defendant Urban Outfitters, Inc. ("Urban Outfitters") previously moved this Court for leave to file a surreply to address three arguments[1] that Plaintiffs raised for the first time in a reply brief supporting their motion for partial summary judgment on claims brought under the Indian Arts and Crafts Act (the "IACA"). This brief responds to several objections asserted in opposition to the motion for leave.

**1. This Court has broad discretion to grant leave to file surreplies, and is not bound by formalistic rules.**

  Plaintiffs' response in opposition to the motion for leave to file a surreply misstates the

---

[1] Notably, in their response in opposition to Urban Outfitters' request to file a surreply, Plaintiffs voluntarily withdrew their argument that the Court should defer to positions supposedly taken by the Indian Arts and Crafts Board (the "Board") in enforcement documents regarding other companies. Plts' Leave Resp. ECF No. 211 at 9–10). Accordingly, this brief does not address whether a surreply is warranted on that issue.

1

applicable law. Plts' Resp. to Mot. for Leave to File Surreply (hereinafter, "Plts' Leave Resp."), ECF No. 211 at 1–2. Contrary to Plaintiffs' assertions, this Court need not engage in a formalistic analysis of whether the three arguments addressed in the surreply are new "offensive" arguments raised for the first time in the reply brief, as opposed to responsive arguments. That type of formalistic analysis is only required for purposes of determining—at the appellate level—whether a district court abused its discretion by denying leave to file a surreply. *See, e.g.*, *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006). The applicable local rule, D.N.M.LR-Civ. 7.4(b), does not place any limitations on a district court's authority to **grant leave** to file a surreply if it is so inclined.[2] Accordingly, this Court has broad discretion in ruling on the instant motion. *Cf. Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (recognizing the district courts' authority to regulate motion practice). It is free to grant leave to file a surreply for any number of reasons, and should do so here because the proposed surreply will significantly assist the Court in addressing issues raised in Plaintiffs' reply brief.

2. **The proposed surreply creates a sufficient factual record for a ruling on Plaintiffs'** *Daubert* **challenge.**

In opposing Plaintiffs' motion for partial summary judgment, Urban Outfitters submitted a declaration from consumer confusion expert Hal Poret that summarized the results of a

---

[2] D.N.M.LR-Civ. 7.4(b) states simply that "The filing of a surreply requires leave of the Court." Notably, the Rule does not include a deadline for motions for leave to file a surreply. While Plaintiffs assert that the timing of Urban Outfitters' motion for leave somehow suggests that a surreply is not needed, Plts' Leave Resp., ECF No. 180 at 2, Plaintiffs ignore the fact that Urban Outfitters sought their consent to file the surreply a mere twelve days after Plaintiffs filed their reply brief, *see* Mot. for Leave to File Surreply, ECF No. 208 at 3. After Plaintiffs refused consent, Urban Outfitters laid the ground work for the surreply only eight days later by moving for leave to file the expert report of Hal Poret as an oversized exhibit. ECF No. 180. Urban Outfitters then filed the instant motion for leave to file a surreply only two days after the Court entered its order on the oversized-exhibit motion. *See* ECF Nos. 202 & 208.

consumer confusion survey.  Poret Decl., ECF No. 165-1.  Plaintiffs' reply brief asked the Court to strike the declaration pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because, according to Plaintiffs, the declaration did not include sufficient information to evaluate Mr. Poret's methodology.  Plts' Reply in Supp. of Mot. for Part. S.J. (hereinafter, "Plts' S.J. Reply"), ECF No. 180 at 20.  Prior to the reply brief, Plaintiffs did not in any way indicate that they planned to seek exclusion of Mr. Poret's testimony.  Further, Plaintiffs did not file a motion *in limine* to exclude the testimony, and have thus deprived Urban Outfitters of any opportunity to respond to the *Daubert* challenge.

Given the manner in which the *Daubert* challenge was asserted, the proposed surreply is needed in order for the Court to properly evaluate its merit.  As part of its role as the "gatekeeper" of expert evidence, the Court is required to develop a sufficient record of the pertinent facts and legal arguments before ruling on the admissibility of expert of testimony.  *Proctor Gamble Co. v. Haugen*, 427 F.3d 727, 742 (10th Cir. 2005).  Conducting an *in limine* hearing is the most thorough method of developing such a record, but courts are free to use other procedures when appropriate.  *In re Paoli R. Yard PCB Litigation*, 916 F.2d 829, 859 (3d Cir. 1990).  However, those procedures must ensure an adequate opportunity for the party proffering the evidence to respond the opposing party's objections.  *Proctor Gamble*, 427 F.3d at 742.  Depriving such an opportunity can amount to an abuse of discretion.  *Id.*

Contrary to Plaintiffs' contentions, Urban Outfitters could not have anticipated every conceivable objection to Mr. Poret's expert declaration, and it did not have an obligation to

disclose Mr. Poret's full expert report prior to the disclosure deadline.[3]  Although the declaration provided significant information regarding Mr. Poret's survey methodology, it inevitably omitted some details regarding the underlying survey data.  The proposed surreply explains why the level of detail in the declaration is sufficient for purposes of opposing summary judgment.  It also provides supplementary information regarding Mr. Poret's survey methodology by including his full expert report as an exhibit.  This information will assist the Court in developing the record and reaching a proper decision on Plaintiffs' *Daubert* challenge.

3.     **Plaintiffs' reply brief cited *City of Arlington, Tex. v. FCC* in support of a new and erroneous legal theory.**

The proposed surreply is also needed to respond to Plaintiffs' shifting arguments regarding deference to agency regulations.  In their memorandum supporting summary judgment, Plaintiffs argued that the Board's "qualified use" regulation (25 C.F.R. § 309.24) fell within the Board's expressly delegated authority to prescribe rules "as it may deem appropriate for the effective execution and administration of the powers conferred upon it by this Act."  Plts' Mot. for Part. S.J. & Supp. Mem., ECF No. 145 at 15 (citing 25 U.S.C. § 305b).  In doing so, Plaintiffs specifically contended that the "powers" conferred by the Act included the civil enforcement measures in 25 U.S.C. § 305e.  *Id.*

---

[3] Plaintiffs are correct that, under Rule 56 of the Federal Rules of Civil Procedure, only admissible evidence can be considered in connection with a motion for summary judgment. This Rule imposes a basic obligation to authenticate evidence submitted in opposition to summary judgment. *See, e.g.*, *FDIC v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013).  It also imposes an obligation to refrain from submitting plainly inadmissible evidence.  It does not, however, require a party to disclose the full contents of an expert report before the applicable disclosure deadline, because such a requirement would turn summary judgment into a "discovery device." *See* WEINSTEIN'S FEDERAL EVIDENCE § 705.07 (2014) (citing cases).

Urban Outfitters responded to Plaintiffs' delegation argument by pointing out that, when Congress enacted the private cause of action in 25 U.S.C. § 305e, the only powers that it delegated to the Board were to define the term "Indian product" and to refer violations of the Act to the Department of Justice.  UO's Resp. in Opp. to Mot. for Part. S.J., ECF No. 165 at 13–16.  Thus, according to the only circuit court to address the issue, the "qualified use" regulation is not entitled to deference because establishing the proofs in civil litigation is beyond the scope of the Board's rulemaking authority.  *Id.* at 15–16 (citing *Native American Arts, Inc. v Waldron Corp.*, 399 F.3d 871, 874–75 (7th Cir. 2005)).

In their reply brief, Plaintiffs completely shifted the focus of their argument by asserting that the Court does not need to analyze the specific language of the Board's statutory grant of rulemaking authority.  *See* Plts' Reply in Supp. of Mot. for Part. S.J., ECF No 180 at 9–12.  Under this new theory, it does not matter whether the civil enforcement measures in 25 U.S.C. § 305e are among the "powers" granted to the Board, because the Supreme Court's decision in *City of Arlington, Tex. v. FCC*, 133 S.Ct. 2156 (2013) rejected that type of "provision-by-provision" analysis.  *See id.* at 9.  Thus, according to Plaintiffs, the *City of Arlington* decision (which was not even cited in the opening brief), conclusively establishes that the Board has general rulemaking authority that extends beyond the two specifically enumerated powers relating to the IACA's civil cause of action.  *Id.* at 9–10.

Because Plaintiffs' new legal theory is markedly different than the one asserted in the opening brief, the proposed surreply is needed to clarify the applicable law.  In the proposed surreply, Urban Outfitters responds to Plaintiffs' significant mischaracterization of the *City of Arlington* decision and points out key distinctions between the IACA and the statue at issue in

5

that case. Urban Outfitters did not have the opportunity to address those matters in its response brief, because it did not have any notice of the legal theory on which Plaintiffs now rely.

## CONCLUSION

For the reasons stated above, Urban Outfitters respectfully requests that this Court grant leave to file the proposed surreply submitted as ECF No. 208-1.

Dated: December 2, 2014

Respectfully submitted,

/s/ *Lindsay E. DeMoss*
Lindsay E. DeMoss, Esq.
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Phone: (313) 223-3752


BUTT THORNTON & BAEHR PC

Alfred L. Green, Jr., Esq.
Post Office Box 3170
Albuquerque, NM 87110
Phone: (505) 884-0777

DICKINSON WRIGHT PLLC

Samuel D. Littlepage, Esq.
Melissa Alcantara, Esq.
1875 Eye Street, N.W., Suite 1200
Washington, D.C. 20006
Phone: (202) 457-0160

Joseph A. Fink, Esq.
Scott R. Knapp, Esq.
215 S. Washington Square, Suite 200
Lansing, MI 48933
Phone: (517) 487-4711

*Attorneys for Defendants*

I HEREBY CERTIFY that on the 2nd day of December, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Lewis
blewis@nndoj.org

Henry S. Howe
hhowe@nndoj.org

Karin Swope
kswope@kellerrohrback.com

Mark Griffin
mgriffin@kellerrohrback.com

Mark D. Samson
msamson@kellerrohrback.com

Paul Spruhan
pspruhan@nmdoj.com


/s/ *Lindsay E. DeMoss*