IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**THE NAVAJO NATION,** a sovereign Indian Nation, **DINE DEVELOPMENT CORPORATION**, a corporation wholly-owned by and formed under the laws of the Navajo Nation, and **NAVAJO ARTS AND CRAFTS ENTERPRISE**, a wholly-owned instrumentality of the Navajo Nation,

            **Plaintiffs,**

v.                                                  CIV No. 12-195 LH/LAM

**URBAN OUTFITTERS, INC., UO.COM, L.L.C., URBAN OUTFITTERS WHOLESALE, INC., ANTHROPOLOGIE, INC., ANTHROPOLOGIE.COM, L.L.C., FREEPEOPLE of PA, L.L.C.**, and **FREEPEOPLE.COM, L.L.C.,** a Delaware Corporation,

            **Defendants.**


<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) or, Alternatively, for Entry and Certification of Partial Final Judgment Pursuant to Rule 54(b) (Mot. for Certification, ECF No. 196). Briefing on this motion was completed on November 24, 2014. The Court, having read the motion and briefs of the parties as well as relevant caselaw and being fully advised in the premises, concludes that Defendants' motion for certification is well taken and shall be **granted**, and that this Court hereby certifies an interlocutory appeal. In the event Defendants file a timely petition for interlocutory appeal with the Tenth Circuit Court of Appeals, this matter shall be **stayed in its entirety,** pending the Tenth Circuit's review of the matter.

**I.  Procedural Background**

On February 28, 2012, Plaintiffs filed their original Complaint seeking injunctive relief and damages (ECF No. 1).  Plaintiffs subsequently filed three amended complaints, all of which alleged infringement of at least nine of their federally-registered trademarks in violation of 15 U.S.C. § 1114, among other state and federal claims.

On April 22, 2013, Defendants filed various counterclaims, including Counterclaim V, a request for a declaratory judgment that Plaintiffs' federal registrations for their Navajo marks are invalid and subject to cancellation.  (ECF No. 57, ¶¶ 107-110).  Counterclaim V states:

> 108.  [Plaintiffs'] federal registrations for NAVAJO marks are invalid and subject to cancellation on the basis that they were merely descriptive and/or geographically descriptive and have become a generic term for a type or category of style or design.
>
> 109.  The term "NAVAJO" in [Plaintiffs'] federal registrations for NAVAJO-formative marks should be disclaimed on the basis that the term is merely descriptive or has become a generic term for a type or category of style or design.
>
> 110.  Accordingly, pursuant to 15 U.S.C. §§ 1119 and 1064, Counterclaimants hereby seek a declaration that the Nation's federal registrations for NAVAJO marks are invalid and an Order that the Nation's registrations for NAVAJO marks are cancelled, and the term "NAVAJO" in the Nation's NAVAJO-formative marks be disclaimed.

In short, in this counterclaim Defendants asked the Court to declare that the Nation's federally registered NAVAJO trademarks are invalid and subject to cancellation on the basis that they are "merely descriptive and/or geographically descriptive and have become a generic term for a type or category of style or design."  (*Id.* at ¶ 108).  Further, this counterclaim seeks disclaimer of  the term 'NAVAJO' in the Nation's federal registrations for NAVAJO-formative marks on the same basis.  (*Id.* at ¶ 109).

On March 6, 2014, Plaintiffs filed a Motion to Dismiss Counterclaim V Pursuant to 12(b)(1) and 12(b)(6) ("Pls.' Mot. to Dismiss," ECF No. 105), arguing, among other things, that Counterclaim V should be dismissed based on the doctrine of sovereign immunity. (*Id.* at 5-12). On September 19, 2014, the Court entered a Memorandum Opinion and Order, dismissing Counterclaim V with prejudice. (ECF No. 179).

In this ruling, the Court found: (1) the Lanham Act applies to Plaintiffs; (2) notwithstanding the applicability of the Lanham Act to Plaintiffs and to Plaintiffs' claims, Plaintiffs are not subject to suit under the Lanham Act due to the doctrine of sovereign immunity; and (3) Counterclaim V does not sound in recoupment and therefore Plaintiffs have not waived sovereign immunity. As to whether the Plaintiffs' trademarks are subject to cancellation under the Lanham Act, the Court reasoned that there is no language suggesting that Congress had "unequivocally waived tribal immunity under the Act." The Court dismissed Counterclaim V under FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction.

In this ruling, the Court construed Counterclaim V as a claim for invalidation, cancellation and disclaimer of trademarks of the Nation under 15 U.S.C. §§ 1119 and 1064 of the Lanham Act ("the Act"). When addressing the recoupment issue, the Court explained its understanding as to the impact that the relief sought by Defendants in Counterclaim V would have, if granted. "This relief, if obtained, would forever bar the Nation from claiming a trademark, pursuant to its federal registrations, against any party, not just against Defendants. Winning on Counterclaim V would allow Defendants (and all others) free use of the NAVAJO mark in the future." (Mem. Op. and Order, ECF No. 179 at 15).

**II.  Defendants' Motion for Certification**

Defendants' motion asks this Court to certify its September 19, 2014 Memorandum Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), or alternatively, to enter a partial final judgment pursuant to FED.R.CIV.P. 54(b), thereby permitting Defendants to seek interlocutory review of the Memorandum Opinion and Order.  (Mot. for Certification at 5, ECF No. 196).

Defendants contend that the Court's September 19, 2014 holding involves a controlling question of law over which there is substantial ground for difference of opinion, namely whether sovereign immunity permits the Nation to claim infringement of its trademarks under the Lanham Act while simultaneously being protected from having them cancelled, invalidated or disclaimed.  Defendants assert that immediate appellate review is necessary because this issue goes to the enforceability of the very trademarks that the Nation is claiming have been infringed in violation of the Lanham Act.  (*Id.*).

The statute imposes three criteria for a district court's exercise of discretion to grant a § 1292(b) certificate.  The relevant language of 28 U.S.C. § 1292 is:

> (b)  When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

### III.  Applicability of 28 U.S.C. § 1292

#### A.  Position of Defendants

Defendants argue that the first requirement under § 1292(b) is satisfied because resolution of this question on appeal could materially affect the outcome of the litigation in district court.  In arguing that this is a controlling question of law, they assert that if Counterclaim V is reinstated by the appellate court and if they are thereafter able to achieve cancellation of the Nation's registrations, this will result in the loss of evidentiary presumptions afforded by ownership of the registrations.  They explain more fully that a certificate of registration from the Patent and Trademark Office gives rise to a presumption of the validity of the trademark.  15 U.S.C. § 1057(b).  If a registered mark has become incontestable under 15 U.S.C. § 1065, then the registration provides conclusive evidence of the validity of the registered mark.  15 U.S.C. § 1115(b).  On the other hand, if the Nation's registrations are cancelled and the Nation is not entitled to the benefit of any evidentiary presumptions, then the Nation must establish that it has valid, protectable trademark rights in the term "Navajo."  On this basis, Defendants contend that the issue of whether or not the Nation is entitled to federal registration of its alleged trademarks, and the evidentiary presumptions that accompany those registrations, will certainly affect the evidentiary burdens of the parties at trial and in the course of this litigation and is a controlling question of law.  (Mot. for Certification at 5-6, ECF No. 196).  Under the same reasoning, Defendants contend the statutory requirement of material advancement of the ultimate termination of litigation is met.

As to the last statutory requirement, Defendants contend that there is a substantial ground for difference of opinion here, given the lack of direct legal authority on the issue as to whether the Nation may seek to enforce trademark rights granted to them under the Lanham Act

while at the same time claiming immunity from any effort to challenge the validity of those trademarks. (*Id.* at 6).

### 2.  Position of the Nation

The Nation addresses the first requirement under § 1292(b), arguing that the sovereign immunity issue is not "controlling," because dismissal of the counterclaim could be upheld on appeal on at least two other grounds.  In other words, the Nation's premise is that under § 1292(b), a question of law is "controlling" only if an error on that question would constitute reversible error on final appeal.  The Nation contends that, if the counterclaim can be dismissed on other grounds, the question of law raised by Defendants in their certification motion is not deemed to be "controlling."  Specifically, the Nation contends that dismissal of the counterclaim could also be affirmed under Rule 12(b)(6) – a ground that was not addressed by this Court in its September 19, 2014 ruling, and alternatively that the Court could have declined to exercise jurisdiction under the Declaratory Judgment Act.  The Nation contends that because dismissal of Counterclaim V could be affirmed on these additional grounds, sovereign immunity does not present a controlling question of law.  Finally, the Nation disputes that dismissal of Counterclaim V significantly affects the evidentiary posture of this case because the presumption of validity of its trademarks may be rebutted *either* by way of an affirmative defense *or* by way of a counterclaim seeking cancellation.

Insofar as the second requirement under the statute, the Nation argues that because this Court's decision was made under well-settled principals, there can be no substantial ground for difference of opinion, even if the exact issue has not previously been decided.

Thirdly, the Nation argues that an immediate appeal would not advance the ultimate termination of this litigation. Instead, the Nation argues that if Counterclaim V were revived, this would not change the case's basic evidentiary posture but would expand its scope, and that it would not shorten the litigation, but would in fact complicate and lengthen it. This is because the now dismissed counterclaim seeks to invalidate all of the Nation's 86 registered trademarks, that are applied to approximately 22 classes of goods, while the Nation's remaining claim relates to a much smaller number of trademarks in the class of clothing, jewelry and accessories. (Decl. of Karin B. Swope, ECF No. 201). The Nation notes that discovery and trial on these allegations would vastly expand the scope of this case. The Nation argues that this result would actually be contrary to the purposes of § 1292(b), which is to save time and money, and that reinstatement of Counterclaim V would have the opposite effect. In short, the Nation argues that because the relief that Defendants seek via this appeal would expand greatly, rather than materially advance termination of the litigation, this request must be denied.

Finally, the Nation argues that the mere presence of an immunity issue does not justify an appeal, and that in any event, the Tenth Circuit may never have to reach this issue if the Nation's infringement claims are dismissed. In other words, if the Nation fails to prove its case at the district court level, the question which Defendants seek to have certified would never have to be reached by the Tenth Circuit.

## IV.  The Requirements for Certification Under 28 U.S.C. § 1292(b) Have Been Met

As noted above, pursuant to the statute, the underlying order must (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its

correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation.

Under the statutory framework, courts look for a controlling question that has the potential to substantially accelerate disposition of the litigation. The critical requirement is that resolution of the question will advance the ultimate resolution of the litigation. 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.31[3] (3d ed. 2014). As noted by the Tenth Circuit in *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994), the purpose of § 1292(b) is to avoid wasted district court time.

Conversely, a legal question cannot be termed "controlling" if litigation would be conducted in much the same manner regardless of the disposition of the question upon appeal. *Bank of New York v. Hoyt,* 108 F.R.D. 184, 188 (D.R.I. 1985). As noted by the Third Circuit, "[C]ontrolling means serious to the conduct of the litigation, either practically or legally . . . . And on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors to be a highly relevant factor." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.)(citations omitted), *cert. denied,* 419 U.S. 885 (1974). *See also In re Baker & Getty Financial Services,* 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)("[A]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.") (internal quotation marks and citations omitted).

Bearing this guidance in mind, the Court is convinced that the issue involving propriety of the dismissal of Counterclaim V is a controlling question, in part because this issue will significantly affect the further course of the litigation. As noted herein at page 7, the Nation

itself has pointed out how drastically different the scope of the case will be, if Counterclaim V is reinstated in the case.

The Nation attempts to downplay the importance of the issue, arguing that a party can collaterally attack the registration of another party's trademarks, either by way of an affirmative defense or by way of a counterclaim seeking cancellation of the registration, if the mark has not become incontestable.  On this basis, the Nation contends that resolution on appeal of the issue will not change how the litigation is conducted, and that it would not materially affect the outcome or advance the ultimate resolution, of the litigation.

The Court disagrees.  The Court's September 19, 2014 ruling precluded Defendants from pursuing Counterclaim V, which sought a ruling from this Court that the Nation's trademark registrations were invalid and subject to cancellation on the basis that they had become generic. Although Defendants' affirmative defense of genericness is related to it, Counterclaim V encompasses much broader implications.  By dismissing Counterclaim V, the Court foreclosed Defendants from potentially obtaining cancellation of the Nation's registered trademarks, which would not have been of effect in this litigation only, but could have allowed Defendants and all others free use of the NAVAJO mark in the future.

 Consequently, it would be far more efficient to obtain a ruling by the Tenth Circuit on this issue at this juncture, rather than face possible reinstatement of Counterclaim V in a post-trial appeal, which could result in a lengthy and expensive re-trial.  Clearly, reinstatement of Counterclaim V would alter significant aspects of this case and have a tremendous effect on the conduct of the litigation, in ways much different and more far-reaching than the mere assertion of an affirmative defense of genericness.  On balance, as frustrating and inconvenient as an interlocutory appeal may be, this interruption now in the district court proceedings could save a

great deal of time and expense in the long run, and would best serve considerations of judicial economy and fairness to the litigants.  A ruling by the Tenth Circuit at this juncture will interject certainty on this controlling question of law, for purposes of Counterclaim V, as well as for the assertion of Defendants' affirmative defenses.

Furthermore, the Court agrees with Defendants that an immediate appeal will conclusively resolve a central issue in this case, *i.e.*, whether sovereign tribal immunity should protect the Nation from cancellation of the trademarks they sued Defendants for allegedly infringing.  Immediate resolution of the immunity issue will have an effect on whether or not the Nation may take advantage of evidentiary presumptions that flow from possession of registered trademarks. If the Nation's registrations are cancelled, the Nation would not be entitled to the evidentiary presumptions afforded by such registrations, and the Nation would have to carry the burden at trial of demonstrating that it has valid, protectable rights in the term "Navajo."

For these reasons, the Court concludes that an immediate appeal will materially advance the orderly presentation of evidence at trial and the course of the litigation, and will advance the ultimate resolution of the litigation.

Finally, the Court agrees with Defendants that there is a substantial ground for difference of opinion as to the controlling questions of law, as is illustrated by the parties' briefs. Obviously this Court would not frivolously certify an appeal from its own order and does so in this instance only because this is such a complex and evolving area of law, because there is a dearth of direct on-point authority, and because the Court believes there is substantial room for difference of opinion and that the circuit should have the opportunity to put this issue to rest once and for all if it so chooses.

The Court notes that this issue is well suited for an interlocutory appeal because it presents clear-cut questions of law against a background of established facts.  The Court believes that the issue involving Counterclaim V is an important and close question of law.

**V.  Conclusion**

This Court is well aware that § 1292(b) should be construed strictly and that appeals under this section are disfavored and should be allowed only sparingly. The Court concludes, in its discretion, that this is one of the exceptional instances where an interlocutory appeal should be certified.

For the reasons set forth above, this Court concludes that the September 19, 2014 Memorandum Opinion and Order satisfied the three criteria set required by § 1292(b), and is hereby amended to state that it involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal therefrom may materially advance the ultimate termination of the litigation.  On this basis, the Court hereby certifies an interlocutory appeal.  Defendants' petition for such an immediate interlocutory appeal must be filed, if at all, with the Tenth Circuit Court of Appeals, within ten (10) days of entry of this Order.  Upon Defendants' filing of such a petition, all proceedings at the district court level shall be **STAYED**, pending the Tenth Circuit's review of the matter.

**WHEREFORE**, **IT IS HEREBY ORDERED** that Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) or, Alternatively, for Entry and Certification of Partial Final Judgment Pursuant to Rule 54(b) (Mot. for Certification, ECF No. 196) is **granted**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**