IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE NAVAJO NATION, et al.,**

    **Plaintiffs,**

**v.**                                                                                      **No. 12cv0195 LH/LAM**

**URBAN OUTFITTERS, INC., et al.,**

    **Defendants.**

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* TO SUSAN SCAFIDI [*Doc. 266*]

**THIS MATTER** is before the Court on *Defendants' Motion to Compel Compliance with Subpoena* **Duces Tecum** *to Susan Scafidi (Doc. 266)*, filed December 28, 2014. On January 14, 2015, non-party Varsity Spirit, LLC filed a response to the motion, or, in the alternative, a motion to quash the subpoena. [*Doc. 279*]. Also on January 14, 2015, Plaintiffs filed a response to Defendants' motion to compel [*Doc. 280*], a declaration from one of Plaintiffs' attorneys, Raymond J. Farrow, [*Doc. 281*], and a declaration from Ms. Scafidi [*Doc. 282*]. On February 2, 2015, Defendants filed a combined reply to their motion to compel and response to Varsity Spirit's motion to quash the subpoena. [*Doc. 310*]. The Court notes that this case was stayed from February 20, 2015 to March 23, 2015, pending the Tenth Circuit's consideration of Defendants' petition for an interlocutory appeal. *See* [*Docs. 333, 345* and *346*]. Having considered the motion, responses, declarations, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **DENIED**.

In their motion to compel, Defendants ask the Court to order Plaintiffs and their expert, Susan Scafidi, to comply with Defendants' "Second Amended Subpoena to Produce Documents,

Information, or Objects or to Permit Inspection of Premises in a Civil Action" ("Subpoena") [*Doc. 266* at 3]. This subpoena asked Ms. Scafidi to produce all of her prior expert reports, research, and/or testimony that she provided as an expert witness in the proceedings identified in her expert report produced in this case. *See* [*Doc. 266-3* at 8]. In response, Ms. Scafidi stated that she "objects to the extent this Request seeks material that is subject to a Protective Order in any other litigation." [*Doc. 266-4* at 4]. In their motion to compel, Defendants clarify that the only remaining item in dispute is a single expert report in Ms. Scafidi's possession and control. [*Doc. 266* at 4]. Defendants contend that Ms. Scafidi should be compelled to produce this report because she has not provided information regarding the confidentiality of the report at issue, and has not provided confirmation that the entire report is confidential. *Id.* at 10. Defendants state that the protective order Ms. Scafidi contends prevents her from producing the report, which is from the case titled *Varsity Brands, Inc. et al. v. Star Athletica, LLC*, Case No. 2:10-cv-02508 (W.D. Tenn.), does not prevent disclosure of the report in this case and, instead, only requires notice to counsel for the producing party. *Id.* at 7 and 11-12. Defendants further contend that, even if production of the report is prohibited under the *Varsity Brands* protective order, this Court can still compel production of the report despite the protective order in that case. *Id.* at 13-16 (relying on *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499-500 (D. Md. 2000)).

In response to Defendants' motion to compel, non-party Varsity Spirit, LLC, asks the Court to either deny Defendants' motion to compel, or to quash the subpoena to the extent it seeks materials designated as "Highly Confidential/Attorneys' Eyes Only" pursuant to the protective order entered in the *Varsity Brands* case. [*Doc. 279* at 3]. Varsity Spirit explains that the plaintiffs in the *Varsity Brands* lawsuit have since merged and converted to become Varsity Spirit, LLC. *Id.* at 3, n.1. Varsity Spirit states that Ms. Scafidi's report in the *Varsity Brands* case

focused primarily on the claims at issue in that lawsuit, and includes a discussion of Varsity Spirit's confidential business information, such as how Varsity Spirit creates and applies its unique designs that appear on cheerleading uniforms and other materials.  *Id.* at 3-4.  Varsity Spirit states that the protective order in the *Varsity Brands* case was the result of months of negotiations between Varsity Spirit and the defendant in that suit.  *Id.* at 4.  Varsity Spirit explains that the protective order in the *Varsity Brands* case precludes production of Highly Confidential Material to parties outside of those involved in the *Varsity Brands* case, and limits the use of such material to the *Varsity Brands* case only.  *Id.* at 5-6.  Varsity Spirit states that it designated Ms. Scafidi's report as Highly Confidential, and that its production in this case would violate the protective order in the *Varsity Brands* case.  *Id.* at 7.

In Plaintiffs' response to Defendants' motion to compel, Plaintiffs make many of the same contentions made by Varsity Spirit regarding production of Ms. Scafidi's report.  *See* [*Doc. 280*]. Plaintiffs contend that Ms. Scafidi is barred from producing the report by the protective order in the *Varsity Brands* case, that some of Defendants' experts have declined to produce certain reports designated confidential in other matters, and that Defendants failed to confer in good faith prior to filing their motion because Plaintiffs had agreed to revise Ms. Scafidi's response to Defendants' subpoena to clarify that she is only withholding one responsive document and that she contacted Varsity Brands' counsel and was told they object to production of the report.  *Id.* at 3-8. Plaintiffs contend that the cases cited by Defendants in their motion are distinguishable because they involve *parties* who refused to produce information that they had produced in other cases, and Ms. Scafidi is not a party to this case.  *Id.* at 11-12.  Plaintiffs also contend that the information in the report has little or no relevance to the issues of this case.  *Id.* at 16-17.  Finally, Plaintiffs ask

the Court to consider imposing sanctions under Fed. R. Civ. P. 37(a)(5)(B) because Defendants' motion is not substantially justified.  *Id.* at 19.

In Ms. Scafidi's Declaration regarding Defendants' motion to compel, Ms. Scafidi explains that counsel for the Varsity Plaintiffs in the *Varsity Brands* case informed her that they object to the production of her report pursuant to the protective order in that case, so she has not produced the report because doing so would violate the order entered by the Western District of Tennessee.  [*Doc. 282* at 2].

In reply, Defendants contend that Ms. Scafidi had the burden to establish that the requested report was confidential and that disclosure was absolutely barred by the *Varsity Brands* protective order, and she failed to do so.  [*Doc. 310* at 5].  Defendants contend that Plaintiffs do not have standing to object to the subpoena, that Varsity Spirit's motion to quash the subpoena is untimely, and that Varsity Spirit has not established that the information in the report is confidential.  *Id.* at 6, n.1 and 7-8.  Defendants contend that Ms. Scafidi waived her objection on the grounds of relevance because she did not assert it in response to the subpoena, and that the report "*may* be relevant, at the very least, to [Ms. Scafidi's] credibility as an expert in this case."  *Id.* at 9 (emphasis added).  Defendants further contend that only the portions of the report that contain confidential information are covered by the protective order in the *Varsity Brands* case, and that this Court can order production of the report despite the protective order in that case.  *Id.* at 11-13.  Finally, Defendants contend that they met and conferred with Plaintiffs several times with regard to this issue, and that they filed this motion because Plaintiffs failed to provide the amended response to the subpoena despite agreeing to do so.  *Id.* at 15.

First, the Court must address the issue of standing.  *See Public Service Co. of Okla. v. A Plus Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (unpublished)

4

("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted).  A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege with regard to the subject matter in the documents sought.  *See id.* ("[T]he general rule is that only the person to whom the subpoena is directed has standing to object to its issuance.") (citations omitted); *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).  The Court finds that Varsity Spirit has standing to object to the subpoena because the report at issue contains their confidential business information, so the Court will consider their response to the motion to compel.  *See, e.g., Darwish v. Family Dollar Stores, Inc.*, No. 09-cv-02764-MSK-MEH, 2010 WL 2086107, at *2 (D. Colo. May 20, 2010) (unpublished) (finding that a non-subpoenaed non-party made the requisite showing to demonstrate that he had standing to move to quash a subpoena served on a third party because "the subpoenaed records contained confidential information belonging to [him]"); *see also High Point SARL v. Sprint Nextel, Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012) (finding that a subpoenaed non-party had standing to seek a protective order to protect its confidential commercial documents from disclosure).  However, the Court finds that Plaintiffs do not have standing to object to the subpoena because they have not asserted any right or privilege with regard to the subject matter in the report.  Since Plaintiffs filed a response to the motion, not Ms. Scafidi, and Plaintiffs' counsel does not represent Ms. Scafidi (*see Doc. 280* at 3), the Court will consider only Ms. Scafidi's declaration with regard to Defendants' motion to compel.  The Court will not consider Plaintiffs' request for an award of sanctions as they did not have standing to file a response to the motion to compel.

Having found that Varsity Spirit and Ms. Scafidi have standing to object to the subpoena, the Court next considers whether Ms. Scafidi's expert report should be produced despite the

protective order in the *Varsity Brands* case.  Under Rule 45, a Court *must* quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and *may* quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(d)(3)(A)(iii) and (d)(3)(B)(i).  According to Varsity Spirit, the report being withheld by Ms. Scafidi was designated as "Highly Confidential" in the *Varsity Brands* litigation, and it includes confidential business information.  *See* [*Doc. 279* at 3-4].  Defendants first contend that the protective order in *Varsity Brands* does not prohibit the disclosure of the report and, instead, only requires notice to the party who produced the report.  *See* [*Doc. 266* at 11-12] and [*Doc. 266-6* at 9] (*Varsity Brands* protective order).  However, the protective order in *Varsity Brands* states that confidential material shall only be used for the purposes of that action, and may only be disclosed to certain parties involved in that action.  *See* [*Doc. 266-6* at 2-3].  Ms. Scafidi, therefore, as a recipient of a document designated as "Highly Confidential" in that case, would be in violation of the protective order if she disclosed the report to Defendants and/or used the report in this case.  *See id.* at 12 (Exhibit A to the *Varsity Brands*' protective order, wherein recipients of confidential information must sign an agreement that they will keep all confidential material in confidence, will not disclose it to anyone not authorized to receive it, and will use it only for the purpose of that case).  In addition, it would appear that the reason the protective order requires notification to the party who produced the confidential information is for the purpose of allowing that party the opportunity to seek protection of its confidential information, just as Varsity Spirit has done here.  For these reasons, the Court finds that the protective order in the *Varsity Brands* case applies to Ms. Scafidi's report and prohibits its disclosure.

Next, Defendants contend that, pursuant to the holding in the *Tucker* case, this Court can order production of the report despite the protective order entered in the *Varsity Brands* case. The Court, however, finds that the holding in *Tucker* is distinguishable because the *Tucker* case involved a situation wherein *the defendant* objected to production of documents that *the defendant* had designated as confidential in another case. *Tucker*, 191 F.R.D. 495, 497-498. The court in *Tucker* ordered production of the documents despite the protective order in the other case, explaining in part that the discovery was sought from the defendant, who was the source of the documents, and was not under the obligations of the protective order in the other case. *Id.* at 501. Therefore, the court explained that production of the documents would not undermine the authority of the order issued by other court. *Id.* Moreover, the court in *Tucker* stated that "there is something unsettling about the notion that [the defendant] might forever be insulated from producing discovery in this, or other actions, by virtue of having once produced it in a protective fashion in the [other] case." *Id.* Here, in contrast, Ms. Scafidi <u>is under the obligations of the protective order in the *Varsity Brands* case as a recipient of confidential information</u>. To order her to produce her report from that case would directly undermine the authority of the order issued by the *Varsity Brands*' court. If Varsity Spirit was a party in this case, and was refusing to produce its own documents based on a protective order issued in another case, then the reasoning of *Tucker* would apply. This is especially true given the clause in the *Varsity Brands*' protective order stating: "Nothing in this [Protective] Order shall preclude *any party* to this Action or its attorneys from . . . disclosing or using, in any manner or for any purpose, any information or documents from a party's own files which the party itself has designated as . . . HIGHLY CONFIDENTIAL material." [*Doc. 266-6* at 8-9] (emphasis added). The Court finds it troubling that Defendants have failed to acknowledge and/or appreciate that *Tucker* involved a

7

party trying to withhold production of its own documents based on a protective order it entered into in a different case, as opposed to the situation here, where Ms. Scafidi is bound by the terms of a protective order in another case that prohibits her from disclosing *another entity's* confidential information. Even though the report was prepared by Ms. Scafidi, Varsity Spirit paid her to prepare the report, and it was Varsity Spirit who designated the report as Highly Confidential. None of the other cases relied on by Defendants (*see Doc. 266* at 14) involve a court ordering a third party to produce another entity's confidential information in violation of a protective order entered by another court in a case involving parties who are not involved in the litigation before the court. In addition, while Defendants contend that portions of the report may contain information that is not confidential, the Court notes that the parties in the *Varsity Brands* case did not object to Varsity Spirit designating the entire report as "Highly Confidential," and Defendants have made no showing that the report contains information that is not confidential other than pure speculation.

Finally, the Court notes that Defendants have made no showing as to how the report is relevant to any party's claim or defense, other than speculating that the report "*may* be relevant, at the very least, to [Ms. Scafidi's] credibility as an expert in this case" (*Doc. 310* at 9, emphasis added). While this objection was not raised by Ms. Scafidi, the Court may only order discovery of a matter that is within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). For these reasons, the Court will deny Defendants' motion to compel Ms. Scafidi to produce her report from the *Varsity Brands* case.

Even though the Court has found that Ms. Scafidi does not have to produce her expert report from the *Varsity Brands* case, the Court notes that Ms. Scafidi's response to the subpoena was not sufficient under Rule 45(e)(2)(A). This rule requires a person withholding subpoenaed information under a claim that it is privileged or protected to: "(i) expressly make the claim; and

(ii) "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Here, Ms. Scafidi's response to Defendants' subpoena was: "Respondent objects to the extent this Request seeks material that is subject to a Protective Order in any other litigation. All potentially responsive documents are subject to Protective Order [sic]." [*Doc. 266-4* at 4]. This response is not sufficient under Rule 45(e)(2)(A) as it did not describe what information was being withheld. However, since Defendants have stated that the only report withheld by Ms. Scafidi to which they object is the one from the *Varsity Brands* case (*see Doc. 266* at 4), the Court finds that the issue of the deficiency in Ms. Scafidi's response to the subpoena is moot since Defendants have already discovered the nature of the report, and, therefore, the Court declines to require Ms. Scafidi to supplement her response to the subpoena.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Defendants' Motion to Compel Compliance with Subpoena* Duces Tecum *to Susan Scafidi* (Doc. 266)** is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**