IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE NAVAJO NATION, et al.,**

    **Plaintiffs,**

v.                                                            No. 12cv0195 KG/LAM

**URBAN OUTFITTERS, INC., et al.,**

    **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [*Doc. 236*]

**THIS MATTER** is before the Court on *Plaintiffs' Motion and Memorandum to Compel Documents From Defendants' SharePoint System and Backup Media, and Responses to Interrogatory Nos. 38, 39, 40 and Request for Production No. 48* *(Doc. 236)*, filed December 11, 2014. On January 19, 2015, Defendants filed a response to the motion to compel. [*Doc. 285*]. This case was stayed from February 20, 2015 to March 23, 2015, pending the Tenth Circuit's consideration of Defendants' petition for an interlocutory appeal. *See* [*Docs. 333, 345* and *346*]. On April 16, 2015, Plaintiffs filed a reply to the motion to compel [*Doc. 434*] along with two documents containing exhibits [*Docs. 435* and *436*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part**.

This case involves allegations of trademark infringement, trademark dilution, unfair competition, and false advertising under the Lanham Act, and violations of the Indian Arts and Crafts Act, as well as state claims under the New Mexico Trademark Act. *See* Third Amended

Complaint [*Doc. 82*].  Plaintiff The Navajo Nation and its wholly owned corporation and instrumentality allege that Defendants have improperly and illegally advertised and sold goods bearing Plaintiffs' trademark implying that these goods are genuine "Navajo," "Native American" or "Indian," when they are not.  In their motion to compel, Plaintiffs ask the Court to order Defendants to: (1) produce relevant and responsive e-mails from backup tapes for the 21 custodians during the relevant time period (January 2008 to the present), or, in the alternative, grant Plaintiffs leave to file a motion for spoliation; (2) produce relevant and responsive documents from Defendants' SharePoint system; and (3) answer completely Interrogatory Nos. 38, 39 and 40, and produce documents responsive to Request for Production ("RFP") No. 48. [*Doc. 236* at 1].   In response, Defendants contend: (1) that they should not be compelled to search e-mail backup tapes because they have already searched for and produced responsive documents from Defendants' e-mail archives (*Doc. 285* at 4-11); (2) that Defendants should not be compelled to search the SharePoint system for documents because SharePoint is not a document repository (*id.* at 11-13); and (3) that Defendants should not be compelled to answer Interrogatory Nos. 38-40 and RFP No. 48 because these requests exceed the number of discovery requests allowed by the Court's scheduling order, and because Plaintiffs' motion to compel is untimely as to these discovery requests (*id.* at 14-20).   In reply, Plaintiffs contend that: (1) Defendants' search of their e-mail archive is not sufficient (*Doc. 434* at 5-13); (2) Defendants should be compelled to produce documents from the SharePoint system (*id.* at 13-14); and (3) Defendants should be compelled to answer Interrogatory Nos. 38-40 and RFP No. 48 (*id.* at 14).

### 1. Production of E-Mails From Backup Tapes

Plaintiffs contend that Defendants failed to preserve relevant e-mails by continuously and automatically deleting emails, failing to turn off their purge system when they learned of this

litigation, failing to inform employees that they were custodians, failing to communicate to these custodians that there was a litigation hold on documents, placing the burden on custodians to manually preserve evidence, and only producing e-mail from an automatic archive system that does not archive sent or internal e-mails. [*Doc. 236* at 3]. Because of these alleged failures, Plaintiffs ask the Court to compel "Defendants to search and produce relevant and responsive e-mails from Defendants' backup media for the 21 custodians in this case, using the agreed upon keyword search terms and limited to the relevant time period of January 1, 2008 to the present." *Id.* at 11.

In response, Defendants contend that they have already searched and produced responsive documents from Defendants' archived e-mails. [*Doc. 285* at 4]. Defendants contend that both "sent" and "internal" e-mails were archived, and that Defendants have already searched for and produced e-mails from the custodians' e-mail archives. *Id.* at 5-6. Defendants state that the backup only saves a daily snapshot of e-mail data existing at the particular point in time when the backup was created, which makes it difficult to search for and retrieve historical data. *Id.* at 6-7. Defendants contend that searching for such e-mails on the backup tapes would require Defendants' IT department to spend extraordinary time and resources to search through the tapes and then configure the data into a usable format. *Id.* at 7. Defendants state that the archives contain more data than the backup tapes likely would, and that "[i]t is highly unlikely that there is any non-duplicative information on any back-up tapes." *Id.* Defendants further contend that they took appropriate steps to preserve relevant e-mail data by notifying employees of the litigation in 2012 and instructing them to preserve and search for relevant documents. *Id.* at 8. Defendants ask that, if the Court orders that the backup tapes must be searched, Plaintiffs bear the burden of the costs of such a search. *Id.* at 10-11.

In reply, Plaintiffs state that Defendants' production of archived e-mail is not sufficient because those archives do not include purged e-mails, which can only be found on the backup tapes. [*Doc. 434* at 5]. Plaintiffs contend that, since the purge function was not disabled for the custodians' e-mail, Defendants only collected e-mails in the custodians' archived folders and Defendants should search for relevant purged e-mails from Defendants' backup tapes. *Id.* at 7. Plaintiffs state that, in order to reduce the cost of producing e-mails from the backup tapes, they agree to limit their request to five days of backup tapes (which Plaintiffs will select) for each of the relevant years (2008 to the present), so that only 35 days of backup tapes would need to be searched, instead of the originally requested 2,500 days. *Id.* at 13.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." While Defendants contend that searching and producing e-mails from the backup tapes "would require Defendants' IT department to spend extraordinary time and resources to search through numerous volumes of saved backup tapes (i.e. 'snapshots') and then configure the data, if any, into a useable format" (*Doc. 285-1* at 2 ¶ 9, declaration of Christopher A. Silver, Director of Retail Technology Systems for Defendant Urban Outfitters, Inc.), Defendants fail to specify how many hours such a production would require, or how expensive it would be. Moreover, Plaintiffs' offer to limit their request to only five days from each of the relevant years (2008 to the present) greatly minimizes the number of backup tapes that must be searched. Defendants' contentions that both "sent" and "internal" e-mails were archived and have been produced, and that custodians were made aware of the litigation in 2012 and were instructed to archive relevant documents at that time (*see Doc. 285* at 5-9), fail to address the issue raised by Plaintiffs that the custodians' e-mails were being purged during the relevant time period,

4

and that the purged e-mails would not be found in Defendants' archived records. In addition, Plaintiffs provide testimony from several custodians that they did not do anything to archive their e-mail since 2012. *See* [*Doc. 434* at 10] (citing *Doc. 435-4* at 4, *Doc. 435-5* at 3, *Doc. 435-6* at 3, and *Doc. 435-7* at 3). Finally, Mr. Silver's statement that "[i]t is highly unlikely that the back-up tapes contain any non-duplicative information to the information contained on Defendants' Symantec e-mail archive" (*Doc. 285-1* at 3) is refuted by Plaintiffs' contention that a large number of responsive documents produced by Defendants on February 6, 2015 contain thousands of relevant e-mails that were not previously produced because the custodians had not adequately archived their e-mails (*see Doc. 434* at 3-4). For these reasons, the Court finds that Plaintiffs' motion should be granted as to this request and that Defendants shall produce relevant e-mails from the custodians from Defendants' backup tapes. The Court further finds that this production shall be limited to five (5) days of each of the years of 2008-2015, and those five days may be selected by Plaintiffs. The Court further finds that Defendants shall pay for the cost of this production since they failed to stop the auto-purge that would have avoided relevant e-mails being purged and, thus, not retrievable from Defendants' archives.

### 2. *Production of Documents From the SharePoint System*

Next, Plaintiffs ask the Court to compel Defendants to produce documents from the "SharePoint" system, which hosts intranet sites used to communicate with retail stores. [*Doc. 236* at 11]. Plaintiffs contend that, if Defendants had communicated company-wide to pull "Navajo" items from their stores, they would have used the SharePoint system. *Id.* In response, Defendants contend that SharePoint is not a document management repository, and that, while Defendants use SharePoint sites for the purpose of communicating with retail stores, this is not the principal form of communication with Defendants' entities. [*Doc. 285* at 12]. Defendants state

5

that, because SharePoint is not used as a document repository or document management system, Defendants do not create historical backups or archives of SharePoint, and that any information communicated using SharePoint is temporary and dynamically changing.  *Id.* at 13.   In reply, Plaintiffs note that over 600 produced documents from Defendants refer to the SharePoint system, including e-mails with hyperlinks to relevant documents stored there.  [*Doc. 434* at 13]. Plaintiffs contend that the information on the SharePoint system is exactly the type of electronically stored information the parties stipulated to search.  *Id.* (citing *Doc. 101* at 4).

    The Court finds that Plaintiffs have made an adequate showing that information on the SharePoint system may contain relevant information and that it should be searched.  While Mr. Silver states that the information in the system "is not a likely repository of relevant information" (*Doc. 285-1* at 3), Defendants acknowledge that they use SharePoint sites to communicate with retail stores (*see Doc. 285* at 12).   Moreover, while Mr. Silver states that there is not an efficient way to create archival or historical backups of the SharePoint system (*see Doc. 285-1* at 3), he does not state that the system is not reasonably accessible because of undue burden or cost, which is the standard under Fed. R. Civ. P. 26(b)(2)(B) for a party to be excused from producing electronically stored information.  Finally, the Court notes that the parties have agreed to search for responsive documents from intranet servers, and finds that Defendants' contention that they should be excused from searching this system because it is not their principal form of communication is unpersuasive, especially since Defendants do not contend that the SharePoint system only has duplicate documents.  For these reasons, the Court finds that Plaintiffs' motion should be granted as to this request, and Defendants shall produce relevant and responsive information from the SharePoint system using the agreed-upon keyword search terms.

### *3. Interrogatory Nos. 38, 39, and 40, and RFP No. 48*

Finally, Plaintiffs ask the Court to compel Defendants to respond to Interrogatory Nos. 38, 39, and 40, and RFP No. 48.  [*Doc. 236* at 12].  Defendants objected to each of these discovery requests, in part, by stating that, including the discrete subparts of previously-served discovery requests, these requests exceed the number of discovery requests of 50 per side permitted by the Court.  *See* [*Doc. 236-1* at 4, 9, 14, and 20].  In their motion, Plaintiffs contend that, because Defendants failed to object to previous discovery requests as being compound, they have waived that objection and that those requests cannot now be counted as compound. [*Doc. 236* at 12].  In response, Defendants contend that Plaintiffs' motion is untimely as to these requests because Defendants served their objections to these requests on July 23, 2014 and August 10, 2014, and Plaintiffs' motion was not filed until December 11, 2014.  [*Doc. 285* at 14-15].  Defendants further contend that they have answered far more discovery requests than the allowed 50 per side, as Plaintiffs asked each Defendant to respond to Plaintiffs' discovery requests.  *Id.* at 15-16.  Defendants contend that some of Plaintiffs' discovery requests were also compound as they asked multiple questions.  *Id.* at 17-19.  In reply, Plaintiffs contend that Defendants' discovery requests have also far exceeded the number allowed by the Court, and that they attempted to move to compel answers to these requests from Defendants within the 21-day time period by filing a supplemental brief to a previous motion to compel, but that brief was rejected by the Court without prejudice.  [*Doc. 434* at 14-16].

First, the Court considers whether Plaintiffs' motion to compel with regard to these requests is timely.  Since Plaintiffs were served with Defendants' objections to Interrogatory No. 38 on July 23, 2014 (*see Doc. 236-1* at 5), and were served with Defendants' objections to Interrogatory Nos. 39 and 40 and RFP No. 48 on August 10, 2014 (*see id.* at 10, 15 and 21),

Plaintiffs' motion to compel was due by August 13, 2014 for Interrogatory No. 38 and by August 31, 2014 for Interrogatory Nos. 39 and 40 and RFP No. 48. *See* D.N.M. LR-Civ. 26.6 (explaining that a party served with objections must file a motion to compel within twenty-one (21) days of service). While on August 14, 2014, Plaintiffs filed a supplemental brief in support of a motion to compel, in which they raised new issues including asking the Court to compel Defendants to respond to Interrogatory Nos. 38-40 and RFP No. 48 (*see Doc. 159*), the Court rejected Plaintiffs' attempt to raise these new issues in a supplemental brief, and not in a motion, explained that the requests were not properly before the Court, and denied them without prejudice (*see Doc. 212* at 19). Therefore, Plaintiffs' failure to timely file a motion to compel with regard to these discovery requests constitutes acceptance of Defendants' objections. *See* D.N.M. LR-Civ. 26.6.

Even assuming *arguendo* that Plaintiffs' motion to compel is timely as to these requests, the Court finds no reason to overrule Defendants' objections on the basis that the discovery requests exceed the allowed amount of 50 interrogatories and requests for production per side. Plaintiffs fail to provide any support for their contention that Defendants' objections have been waived because Defendants did not object to prior discovery requests as being compound. Moreover, the Court finds no merit to Plaintiffs' contention that Defendants' objections should be overruled because Defendants have also exceeded the allowed amount of discovery requests, since Plaintiffs could have objected to Defendants' discovery requests on that basis but chose not to do so. The Court further notes that Plaintiffs' requests asked "each Defendant" to respond to the requests. *See* [*Doc. 285-7* at 1]. Therefore, any more than 13 discovery requests would exceed the allowed number since there are four Defendants in this case -- and that is prior to even considering whether or not the discovery requests are compound. Finally, the Court notes that for

each of these requests, except Interrogatory No. 39, Defendants objected for reasons other than that the number of requests had been exceeded, and Plaintiffs fail to address any of these objections in their motion to compel.  See [*Doc. 236-1* at 4, 9, 14 and 20].  For these reasons, the Court finds that Plaintiffs' motion should be denied as to these requests and Defendants' objections will not be overruled.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiffs' Motion and Memorandum to Compel Documents From Defendants' SharePoint System and Backup Media, and Responses to Interrogatory Nos. 38, 39, 40 and Request for Production No. 48 (Doc. 236)* is **GRANTED in part** and **DENIED in part** as follows:

1. **Within five (5) days of entry of this order** Plaintiffs shall provide Defendants with the five (5) dates from each year of the relevant time period (2008-2015) from which they request relevant e-mails from Defendants' backup tapes;

2. **Within ten (10) days of receipt of these dates from Plaintiffs**, Defendants shall produce responsive, relevant e-mails from their backup tapes from the dates provided by Plaintiffs using the agreed-upon keyword search terms; and

3. **Within ten (10) days of entry of this order**, Defendants shall produce responsive, relevant documents from the SharePoint system using the agreed-upon keyword search terms.

4. All other requests by Plaintiffs are denied.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**