IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE NAVAJO NATION, et al.,**

    **Plaintiffs,**

v.    No. 12cv0195 BB/LAM

**URBAN OUTFITTERS, INC., et al.,**

    **Defendants.**

## ORDER DENYING PLAINTIFFS' CROSS MOTION TO EXCLUDE LATE PRODUCTION [*Doc. 269*]

**THIS MATTER** is before the Court on *Plaintiffs' Cross Motion to Exclude Late Production (Doc. 269)*, filed December 29, 2014. On January 22, 2015, Defendants filed a response to the motion [*Doc. 288*], and, on February 13, 2015, Plaintiffs filed a reply [*Doc. 335*]. The presiding judge in this case has asked the undersigned to rule on Plaintiffs' motion. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

In their motion, Plaintiffs ask the Court to exclude 425 documents comprising 3,185 pages that Defendants produced after the document production deadline of May 30, 2014, and after the September 15, 2014 discovery deadline. [*Doc. 269* at 1]. Plaintiffs ask the Court to exclude these pages from this case for trial. *Id.* Plaintiffs state that they are not asking the Court to exclude from trial the approximately 175,000 pages of documents that were also produced after the May 30, 2014 document production deadline, but before the discovery deadline. Plaintiffs contend that the 3,185 pages at issue were produced one week before their expert reports were due,

and that Plaintiff's experts did not have time to incorporate these late produced documents into their expert reports.  *Id.*   Although Plaintiffs stated in their motion that the reasons for their cross motion are "set forth in Plaintiffs' Memorandum in support" of their motion, Plaintiffs fail to state which document number corresponds to their memorandum in support.  Plaintiffs' failure and deficiency in their motion practice is dealt with later in this Order.

In Defendants' response, Defendants state that the documents at issue "relate to third party internet use and go to the very heart of the issues in this case."   [*Doc. 288* at 4] (footnote omitted).  Defendants state that the documents were submitted in support of ***Defendants' Motion for Partial Summary Judgment in Connection With Plaintiffs' Claim of Dilution-By-Blurring*** *(Doc. 239)*, and are "equally of critical relevance to" ***Defendants' Motion for Partial Summary Judgment on the Issue of Laches*** *(Doc. 214)* and ***Defendants' Motion for Partial Summary Judgment on the Issue of Dilution-By-Tarnishment*** *(Doc. 254).*   *Id.* at 4, n.5.   Defendants state that they properly supplemented their discovery responses and produced these documents as soon as they knew they would be relying on them, and within a week after the close of discovery.  *Id.* at 4.   Defendants explain that Plaintiffs disclosed their "Trademark Policing and Enforcement" deponents near the close of discovery, and that Defendants' deposition of these deponents led Defendants to continue investigating third party use, which resulted in the discovery of these documents.  *Id.* at 5.  Defendants state that they expected that Plaintiffs' Rule 30(b)(6) witness on the issue of third party use and trademark policing and enforcement, Albert Damon, would provide testimony regarding Plaintiffs' efforts to police and enforce their trademark rights against third parties.  Instead, on August 28, 2014, "Mr. Damon testified that he knew little about any ongoing attempts to halt third party use of Plaintiffs' mark or about the Protest Letters that had been sent to third parties."  *Id.* at 6.   Defendants state that this deposition, coupled with the deposition of Phil Brader on

September 10, 2014, regarding the present status of certain protests regarding the use of the Navajo mark, caused Defendants to begin investigating these issues.  *Id.* at 7.  Defendants note that they also undertook this investigation to prepare for the deposition of Harrison Tsosie on September 23, 2014, which was the result of Plaintiffs' failure to produce a properly prepared Rule 30(b)(6) deponent.  *Id.*; *see also* [*Doc. 221*] (Court's Order finding that Plaintiffs failed to produce an adequately prepared Rule 30(b)(6) deponent and ordering Plaintiffs to produce another witness for a continued deposition).  For these reasons, Defendants contend that their production of these documents was not untimely because they were supplemental productions under Rule 26(e).  [*Doc. 288* at 10-11].  Defendants further contend that, even if their production is untimely, the failure to produce was substantially justified or is harmless under Fed. R. Civ. P. 37(c) because Plaintiffs are not prejudiced and should not have been surprised by the production, any prejudice to Plaintiffs can be cured, there will be no disruption to the trial based on the production of these documents, and Defendants acted in good faith in making their supplemental productions.  *Id.* at 12-17.

In reply, Plaintiffs contend that Defendants should not be allowed to rely on these documents because they existed prior to the discovery deadline, and Defendants just failed to print them out.  [*Doc. 335* at 2-6].  Plaintiffs dispute Defendants contention that they learned something new at the depositions that caused them to seek these documents because Plaintiffs produced a description of their policing efforts prior to the close of discovery.  *Id.* at 7-8.  Finally, Plaintiffs contend that they have been prejudiced by the late production of these documents because Plaintiffs' experts did not have an opportunity to analyze them prior to producing their reports, and that Plaintiffs should not have to bear the expense of having their experts review these documents and potentially revise their reports.  *Id.* at 9-12.

3

## ANALYSIS

The Court first considers the procedural defects with Plaintiffs' motion practice. First, while Plaintiffs' motion is called a "Cross Motion," Plaintiffs never explain why it is a "cross motion" or to which motion it relates. Second, Plaintiffs state that they are relying on a memorandum in support of the motion, and yet they cite to no document number and there is no document on the Court's docket titled memorandum in support of this motion. *See* [*Doc. 269* at 1]. In Defendants' response, Defendants cite to Document 267 when discussing Plaintiffs' arguments, which led the Court to look at that document. On the Court's docket, Document 267 is titled "RESPONSE in Opposition re 241 MOTION for Leave to File *Over Length Exhibits in Support of Defendants' Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Trademark Dilution by Blurring*." When opened, the actual title of this document is "Plaintiffs' Opposition to Defendants Motion for Leave to File Over Length Exhibits and Memorandum in Support of Cross-Motion to Exclude Late Production." Thus, Plaintiffs improperly filed a response to Defendants' motion and included a memorandum in support of Plaintiffs' cross motion in one document [*Doc. 267*], which violates D.N.M. Administrative Order 92-88 (May 4, 1992). This Administrative Order prohibits the filing of "compound pleadings," and states that, "in the case of responsive pleadings," practitioners before the Court shall file "a separate pleading addressing each motion or other pleading to which a response is made." The Court is not required to search through the docket nor will it guess as to which documents Plaintiffs are referring, and in a case such as this with over 600 docket entries, the Court is even more unlikely to find a document to which Plaintiffs have not properly cited. The Court will consider the contentions made by Plaintiffs in Document 267, but the Court cautions Plaintiffs that, but for Defendants having cited to Document 267 in their response, the Court would not have found this document nor been able to

consider the arguments contained therein.  The Court reminds Plaintiffs' counsel to file separate documents when responding to multiple motions in the future.  More importantly. Plaintiffs' counsel must separately file Plaintiffs' own motions and memoranda in support of these motions rather than include them in response to Defendants' motions.  Finally, Plaintiffs' reply brief [*Doc. 335*] appears to use 1-1/2 inch spacing, instead of the double spacing required by the Court pursuant to Local Rule 10.1.  Again, the Court cautions counsel for Plaintiffs to carefully follow the Court's local rules.

With regard to the merits of Plaintiffs' motion, the Court finds that Plaintiffs motion should be denied.  The Court notes that the previous presiding judge in this case granted Defendants' motion to file "over length exhibits," despite Plaintiffs' arguments in opposition to that motion, which are the same as their arguments in support of their motion to exclude.  *See* [*Doc. 362*] (text-only order granting Document 241, which Plaintiffs opposed in Document 267).   The Court similarly finds that Plaintiffs have not made an adequate showing to preclude Defendants' reliance on these documents.  Federal Rule of Civil Procedure 26(e) requires a party to supplement its disclosures "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."   If a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Defendants explain that the webpages they produced on September 23, 2014 and October 7, 2014 were not in Defendants' possession, custody or control prior to the September 15, 2014 discovery cutoff date, and that the reason they ran searches for these

webpages was because deposition testimony on August 28, 2014 (Mr. Damon deposition), September 10, 2014 (Mr. Brader deposition), and September 23, 2014 (Mr. Tsosie deposition), alerted Defendants to a possible lack of effort on behalf of Plaintiffs to enforce their trademark rights against known third party "infringers." *See* [*Doc. 288* at 5-6, and 8-9] (citing *Doc. 288-2* at 4-5, Exhibit B, Samuel Littlepage declaration). In reply, Plaintiffs contend that "the documents at issue *existed* prior to May 2014, Defendants had just not bothered to *print* them out from the Internet, (even though Defendants had *located* them all when the they conducted their original search for documents prior to May 30, 2014)." [*Doc. 335* at 2]. Plaintiffs are incorrect, however, that Defendants were obligated to produce these documents to Plaintiffs just because they *existed* because, even though the documents existed on the internet prior to the discovery deadline, Defendants were not required to produce documents that were not in their possession, custody or control that they did not also intend to use. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (explaining that a party must produce documents the "party has in its possession, custody, or control and may use to support its claims or defenses"). The Court finds that Defendants have made an adequate showing that, once they took the depositions of Plaintiffs' witnesses and learned about an apparent lack of effort to enforce Plaintiffs' trademark, Defendants then decided to seek these documents out and to rely on them. At that point, they were obligated to produce them to Plaintiffs under Rule 26(e), which Defendants did. For these reasons, the Court finds that Defendants' properly supplemented their discovery responses and their production was not untimely.

The Court further finds that, even if Defendants' production is untimely under Rule 26(e), Defendants have made an adequate showing that the failure was substantially justified and harmless under Rule 37(c)(1). The Tenth Circuit has set forth four factors for courts to consider

in determining whether the failure to timely disclose or supplement was substantially justified or is harmless under Rule 37(c)(1): (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure any such prejudice; (3) the extent to which allowing the evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). First, the Court agrees with Defendants that Plaintiffs were not prejudiced and should not have been surprised by the production. Plaintiffs state that these documents were similar to a group of documents that Defendants produced at the outset of discovery, which belies Plaintiffs' contention that they were surprised by the documents. *See* [*Doc. 267* at 4]. Moreover, while Plaintiffs state that they were unable to submit the documents to their experts so that they could be incorporated into their expert reports (*see Doc. 267* at 4), Plaintiffs have not asked the Court to allow their experts to amend their reports or file supplemental reports to address these documents. Plaintiffs also fail to state how the documents might affect their experts' reports. Second, the Court finds that any prejudice to Plaintiffs could readily be cured by allowing Plaintiffs the opportunity to address the discovery through amended or supplemental expert reports or by reopening discovery on a limited basis, neither of which Plaintiffs have asked for. The prejudice could further be cured through the use of a Rule 56(d) motion in response to Defendants' summary judgment motions setting forth an adequate showing that Plaintiffs need to engage in further discovery to address these documents. Again, Plaintiffs have not filed any such motions. Third, the Court finds that there will be no disruption to trial in this case since a trial date has not been set. Finally, the Court finds that Plaintiffs have failed to make any showing that Defendants acted in bad faith or willfully. To the contrary, Defendants have shown that they disclosed the documents shortly after Defendants discovered they needed to rely on them. For these reasons, the Court finds that, even if

Defendants' document production was untimely under Rule 26(e), Defendants failure was substantially justified and harmless under Rule 37(c).  For all of these reasons, the Court will deny Plaintiffs' motion to exclude.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiffs' Cross Motion to Exclude Late Production (Doc. 269)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**