IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE NAVAJO NATION, et al.,**

    **Plaintiffs,**

v.                                     No. 12cv0195 BB/LAM

**URBAN OUTFITTERS, INC., et al.,**

    **Defendants.**

## ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO STRIKE UNTIMELY REBUTTAL REPORT BY PHILLIP JOHNSON [*Doc. 492*]

**THIS MATTER** is before the Court on *Defendants' Motion in Limine to Strike Untimely Rebuttal Report by Phillip Johnson (Doc. 492)*, filed May 19, 2015. On June 5, 2015, Plaintiffs filed a response to the motion [*Doc. 508*],[1] and, on June 19, 2015, Defendants filed a reply [*Doc. 525*]. The presiding judge in this case has asked the undersigned to rule on Defendants' motion. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

In their motion, Defendants ask the Court to strike the declaration of Philip Johnson ("Johnson Declaration") [*Doc. 463*], which was filed in support of Plaintiffs' *Motion to Exclude the Testimony of Hal Poret (Doc. 462)*. [*Doc. 492* at 4]. Defendants explain that Plaintiffs' expert, Mr. Johnson, issued an expert report on October 13, 2014 titled "A Likelihood of Confusion Study" [*Doc. 301-1*]. [*Doc. 492* at 5]. On November 14, 2014, Defendants' expert,

---

[1] The Court again notes that Plaintiffs have failed to follow Local Rule 10.1 which requires double spacing in documents. *See* [*Doc. 508*], which appears to use 1-1/2 inch spacing. The Court cautions counsel for Plaintiffs to carefully follow the Court's local rules.

Mr. Poret, issued both an expert report and a rebuttal report to Mr. Johnson's study. *Id.* Defendants state that, on April 27, 2015, Mr. Johnson completed the "Johnson Declaration," to address Mr. Poret's rebuttal report. *Id.* Defendants contend that the Johnson Declaration is an untimely expert rebuttal which should be stricken pursuant to Fed. R. Civ. P. 37 because it was filed after Plaintiffs' deadline to submit rebuttal expert reports. *Id.* at 4-5. Defendants contend that they are prejudiced by Plaintiffs' untimely disclosure of this report because Defendants did not have an opportunity to depose Mr. Johnson about his rebuttal report, and because Defendants were prevented from being able to file a *Daubert* motion regarding the opinions in Mr. Johnson's rebuttal report. *Id.* at 7. Finally, Defendants contend that the report should be stricken because it does not claim to be necessary on the basis of any newly discovered information, but is based on information that was made available on November 14, 2014 when Mr. Poret's expert report was issued. *Id.*

In response, Plaintiffs contend that Mr. Johnson's rebuttal report should not be stricken. First, Plaintiffs contend that the thirty-day deadline to submit rebuttal reports pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) does not apply in this case because this deadline only applies in the absence of an order from the Court providing expert report deadlines. [*Doc. 508* at 1-2]. Plaintiffs further contend that Defendants sought to deny Plaintiffs the opportunity to respond to their experts' reports by submitting them close to Defendants' deadline to do so. *Id.* at 2. Plaintiffs also contend that Mr. Johnson's rebuttal report is timely because, under Rule 26(e), Plaintiffs may supplement their experts' reports, if the party learns that the report is incomplete, prior to the date the party's pretrial disclosures are due, which is 30 days before trial pursuant to Rule 26(a)(3), and a trial date has not yet been set in this case. *Id.* at 3-4. Finally, Plaintiffs contend that, even if the report is untimely, the late disclosure is substantially justified and

harmless to Defendants because Defendants have not sought to depose Mr. Johnson or to file a *Daubert* motion concerning his rebuttal report, which could cure any prejudice there might be to Defendants based on the late filing of the Declaration, and because there is no disruption to a trial date and no showing of bad faith by Plaintiffs.  *Id.* at 6-7.

In reply, Defendants contend that their expert reports, which were submitted November 14, 2014, were timely under the Court' Case Management Order.  [*Doc. 525* at 2]. Defendants further contend that they have been prejudiced by the untimely disclosure of Mr. Johnson's rebuttal report because they did not plan to depose Mr. Johnson based on his initial expert report, and they should not have to seek to depose him based on an untimely report.  *Id.* at 2-3.  Therefore, Defendants ask the Court to strike the report.

## **ANALYSIS**

First, the Court addresses the issue of when Mr. Johnson's rebuttal expert report was due. The deadline for the submission of expert reports for matters on which a moving party has the burden of proof was October 15, 2014, and the deadline for expert reports for matters on which the moving party does not have the burden of proof was November 15, 2014.  *See* [*Doc. 117* at 2] (granting *Doc. 116*, the parties' unopposed motion to extend discovery and expert deadlines). Since the Court did not set a deadline for rebuttal experts, and the parties did not stipulate to a deadline, the parties' deadline for disclosing rebuttal expert evidence was thirty days after the other party's disclosure.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (explaining that, absent a stipulation or court order, rebuttal disclosures must be made within thirty days after the other party's disclosure).  Plaintiffs fail to provide support for their understanding that the thirty-day deadline for rebuttal experts does not apply here because the Court entered an order setting deadlines for expert disclosures, even though the Court did not set a deadline for rebuttal experts.

3

Nevertheless, even if the Court were to read the Rule the same way as Plaintiffs do, Plaintiffs fail to provide any justification for waiting more than five months (from November 14, 2014 to April 27, 2015) to disclose Mr. Johnson's rebuttal report.  Plaintiffs' contention that Defendants somehow caused the delay because they waited until the day before their deadline to submit Mr. Poret's expert report is nonsensical.  Defendants' disclosure of Mr. Poret's report on November 14, 2014 was timely, and Plaintiffs fail to explain why it took more than five months for Mr. Johnson to prepare a rebuttal.  In addition, the Court finds that Plaintiffs' contention that Mr. Johnson's declaration is timely under Rule 26(e) as a supplement to his expert report also fails because that rule requires supplementation "in a timely manner" (*see* Fed. R. Civ. P. 26(e)(1)(A)), and Plaintiffs have failed to explain the more-than-five-month delay in providing the report.  For these reasons, the Court finds that Mr. Johnson's rebuttal report is untimely.

Having found that Mr. Johnson's rebuttal report is untimely, the Court must then determine whether Plaintiffs have made an adequate showing that the failure was substantially justified and harmless under Rule 37(c)(1).  The Tenth Circuit has set forth four factors for courts to consider to determine whether the failure to timely disclose or supplement was substantially justified or is harmless under Rule 37(c)(1): (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure any such prejudice; (3) the extent to which allowing the evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness.  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

First, the Court agrees with Plaintiffs that Defendants have not demonstrated prejudice by Mr. Johnson's rebuttal report.  While Defendants contend that they were prejudiced by the report because they were not able to take Mr. Johnson's deposition or file a *Daubert* motion regarding his rebuttal report, Defendants did not ask the Court for permission to do either of these, and such a

4

request would likely have been granted given the late production of Mr. Johnson's rebuttal report. Similarly, the Court finds that any prejudice to Defendants could readily have been cured by allowing Defendants the opportunity to address the report through an additional limited deposition or *Daubert* motion, neither of which Defendants have asked for.   Importantly, the Court notes that Mr. Johnson issued a timely initial expert report, which alerted Defendants to his qualifications and methodology, and which has been challenged by Defendants in their *Daubert* motion to exclude his testimony.  *See* [*Doc. 329*] (Defendants' **Motion in Limine to Exclude Expert Testimony of Philip Johnson**).  While the Court is sympathetic to Defendants' contention that they were not able to assess the opinions set forth in Mr. Johnson's rebuttal report in a timely manner, Defendants fail to state with any particularity how Mr. Johnson's rebuttal report affects or changes their treatment of him as an expert based on his initial report.  Defendants have also failed to ask the Court to amend their *Daubert* motion based on Mr. Johnson's rebuttal report.   For these reasons, the Court finds that Defendants have not demonstrated adequate prejudice with regard to the rebuttal report.   In addition, the Court finds that there will be no disruption to the trial in this case since a trial date has not been set, and that Defendants have failed to make any showing that Plaintiffs acted in bad faith or willfully.

The Court finds that this situation is a closer call than the issue before the Court in *Document 269* wherein Plaintiffs sought to exclude discovery produced by Defendants within a few weeks after the close of discovery.  With regard to the discovery at issue in that motion, Defendants set forth an adequate explanation for their delay in production, whereas here, Plaintiffs' provide no explanation as to why Mr. Johnson's rebuttal report was delayed by several months.   This failure by Plaintiffs could well have resulted in the exclusion of the rebuttal report.  However, since a trial has not been set in this case, and because the presiding judge may determine

that the rebuttal report may be useful in consideration of the *Daubert* motions regarding both Mr. Poret and Mr. Johnson [*Docs. 329* and *462*], the Court finds that Plaintiffs' untimely disclosure of the rebuttal report was substantially justified and harmless under Rule 37(c). For these reasons, the Court will deny Defendants' motion to strike.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Defendants' Motion in Limine to Strike Untimely Rebuttal Report by Phillip Johnson (Doc. 492)*** is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**