IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

v.                                                          CIV 12-0195 BB/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DECLARATIONS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BARRING PLAINTIFFS' REQUEST FOR MONETARY RECOVERY UNDER THE EQUITABLE DOCTRINE OF LACHES [ECF NO. 214], [DOC. 650]

      On November 21, 2014, Defendants moved for a partial summary judgment requesting that the Court dismiss Plaintiffs' prayer for pre-suit money damages on the basis of the doctrine of laches. [Doc. 214] (hereinafter the "Laches Motion"). Following the close of discovery, the Court held a hearing on the Laches Motion on February 3, 2016. When Defendants attempted to introduce a large stack of documents into the record at the hearing, Plaintiffs objected. The Court proceeded with the hearing indicating it would not review the documents, but Defendants should show the documents to Plaintiffs. At the close of the hearing, the Court ruled that the only discovery it would permit is the deposition of the Fed. R. Civ. P. 30(b) representative of Defendant Free People of PA LLC.

      On February 26, 2016, Defendants moved for an extension of time to conduct discovery and supplement the record on their Laches Motion. [Doc. 650]. Such discovery is inappropriate and unnecessary. Defendants filed their Laches Motion well over a year ago thus representing

there were no disputed facts as to the application of the laches doctrine at that time. The court rules on a motion for summary judgment on the record the parties have actually presented, not on a potentially possible record. *Kross v. Western Elec. Co., Inc.,* 701 F.2d 1238, 1243 n.6 (7th Cir. 1983); *Barrett v. Craven County Bd. of Ed.,* 70 F.R.D. 466, 477 (E.D.N.C. 1976). Obviously, if Defendants had additional evidence in support of their Laches Motion they should have waited to file the Laches Motion. Defendants cannot subsequently sandbag Plaintiffs at the hearing. *See U.S. ex rel. Kinney v. Hennepin County Medical Center,* 2001 WL 964011, at *5 (D. Minn. 2001) (defendant must present evidence in briefing first motion for summary judgment; later "cross-motion for summary judgment is not a license to sandbag.").

**For the above stated reasons, Defendant' Motion [Doc. 650] is DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE