IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

vs.                                                       Civ. No. 12-195 BB/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING IN PART DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT BASED ON LACHES (DOC. 214) AND GRANTING IN PART PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF LACHES (DOC. 252)

This matter comes before the Court upon Defendants' Motion for Partial Summary Judgment Barring Plaintiffs' Request for Monetary Recovery Under the Equitable Doctrine of Laches (Doc. 214) ("Defendants' Motion for Partial Summary Judgment"), filed on November 21, 2014; and upon Plaintiffs' Cross-Motion for Summary Judgment of Dismissal on the Affirmative Defense of Laches (Doc. 252), filed on December 17, 2014.  Both motions are fully briefed and the Court held a hearing on the motions on February 3, 2016.  (Docs. 242, 314, 438, and 637).

At the February 3, 2016 hearing, the Court was informed that Defendant Free People of PA LLC had not made its Fed. R. Civ. P. 30(b) representative available for deposition prior to the termination of discovery.  The Court, therefore, directed this deposition be permitted.  Consequently, the Court holds in abeyance Defendants' Motion for Partial Summary Judgment as to Defendant Free People of PA LLC until Plaintiffs complete that deposition.

Defendants Urban Outfitters, Inc. (UO), Urban Outfitters Wholesale, Inc., and Anthropologie, Inc., (collectively, "Defendants") move the Court for summary judgment against

Plaintiffs the Navajo Nation, Navajo Arts and Crafts Enterprise and Diné Development Corporation (collectively, "Plaintiffs") to bar their request for pre-suit monetary damages in connection with their causes of action under the Lanham Act (15 U.S.C. § 1051, *et seq*.), New Mexico state law, and the Indian Arts and Crafts Act (25 U.S.C. § 305, *et seq*.).  Defendants contend that the equitable doctrine of laches, the basis for Defendants' eighteenth affirmative defense, bars pre-suit monetary damages under the aforesaid causes of action as a matter of law.  Defendants' motion is predicated on the assertions that (1) Defendants and third parties used the term "Navajo" in commerce for some years before Plaintiffs filed the instant suit; (2) Plaintiffs should have known of this use; and (3) Plaintiffs' unreasonable delay in bringing suit prejudiced Defendants.

Plaintiffs respond with three reasons why Defendants' laches defense fails.  First, Plaintiffs argue Defendants cannot show that Plaintiffs knew or should have known of Defendants' allegedly infringing conduct prior to the applicable four year statute of limitations period, i.e., prior to 2008.  Second, Plaintiffs argue that Defendants cannot show that Plaintiffs unreasonably delayed bringing this lawsuit.  Finally, Plaintiffs maintain that Defendants have not demonstrated that any delay in bringing this lawsuit materially prejudiced them.

The Court concludes that the undisputed material facts of record show that the equitable doctrine of laches does not, and should not, bar Plaintiffs' recovery of pre-suit monetary damages as to UO or Anthropologie, Inc.  Hence, the Court will grant summary judgment in favor of Plaintiffs on those Defendants' eighteenth affirmative defense and dismiss that defense with prejudice as to UO and Anthropologie, Inc.

Courts recognize laches as an affirmative defense to legal claims under the Lanham Act. *Yeager v. Fort Knox Security Products*, 602 Fed. Appx. 423, 428-29 (10th Cir. 2015); *Brunswick*

*Corp. v. Spinit Reel Co.*, 832 F.2d 513, 523-24 (10th 1987). As an affirmative defense, the party asserting laches must prove each element. *Suture Exp., Inc. v. Cardinal Health 200, LLC*, 963 F. Supp.2d 1212, 1230-31 (D. Kan. 2013) (citing *Grynberg v. Total S.A.,* 538 F.3d 1336, 1341 (10th Cir. 2008); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 949 (10th Cir.) *cert. denied,* 537 U.S. 1066 (2002)). The doctrine of laches originated in equity and allows the court to deny relief to a party who has slept on its rights to the detriment of its opponent. *Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1090 (10th Cir. 2014). In other words, laches rests on the "maxim that one who seeks the help of a court of equity must not sleep on his rights." *Piper Aircraft, Corp v. Wag-Aero, Inc.,* 741 F.2d 925, 939 (7th Cir. 1984) (Posner, J., concurring). "[T]o prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay." *Jacobsen*, 287 F.3d at 949.

In applying the doctrine of laches to Lanham Act cases, the defendant must show more than the unauthorized use of a copyrighted product for a given length of time. *Potash Co. of America v. International Minerals & Chemical Corp.*, 213 F.2d 153, 155 (10th Cir. 1954) (in patent infringement case, laches not imputed to one who has been justifiably ignorant of facts which create cause of action). *See also Pelt v. Utah*, 611 F. Supp.2d 1267, 1285-86 (D. Utah 2009) (citing and quoting *Potash Co. of America*, 213 F.3d at 155). Since laches is based in equity, a primary issue in determining whether laches bars an action is when the plaintiff knew or should have known of the defendant's conduct. *Hornady Mfg. Co. v. DoubleTap Ammunition, Inc.*, 835 F.Supp.2d 1150, 1153 (D. Utah 2011). A defendant must provide evidence that it is inconceivable that the plaintiff would have not have been aware of the unauthorized use of a copyrighted product or mark. *Id.* at 1154*; Adidas-America, Inc. v. Payless Shoesource, Inc.*, 546

3

F.Supp.2d 1029, 1069 (D. Or. 2008). Additionally, the "defendant must also have been lulled into false sense of security and act in reliance." *Brunswick Corp.*, 832 F.2d at 524 (citation omitted).

Here, Plaintiffs' registrations of their 108 trademarks constituted constructive notice to Defendants of Plaintiffs' marks. *See, e.g., Stanfield v. Osborne Industries Inc.*, 839 F. Supp. 1499, 1507 (D. Kan. 1993), *aff'd*, 52 F.3d 867 (10th Cir. 1995), *cert. denied*, 516 U.S. 920. *See also* 15 U.S.C. § 1072 ("Registration of a mark on the principal register ... shall be constructive notice of the registrant's claim of ownership thereof."); *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 101 F.3d 645, 651 (10th Cir. 1996) ("federally registered marks receive nationwide protection regardless of the area in which the registrant actually used the mark, because registration constitutes nationwide constructive notice to competing users."). Plaintiffs, therefore, maintain that they did not falsely lead Defendants to rely on a belief that they could legally use the "Navajo" name or the name of other tribes. *See Amalgamated Dental Co. v. Lang Dental Mfg. Co.*, 200 F.Supp. 814, 816 (N.D. Ill. 1961) (laches not found where defendant with full notice of possible liability intentionally continues manufacturing copyrighted product). *Cf. Design Basics, LLC v. Chelsea Lumber Co.*, 977 F.Supp.2d 714, 726 (E.D. Mich. 2013) (laches not found, in part, because "Defendants argue, without supporting authorities, that Plaintiff had a standing duty to investigate Chelsea's use of its copyrighted work, and therefore, knowledge of any infringement should be imputed to Plaintiff.").

Furthermore, the record does not contain evidence that anyone with whom Plaintiffs are legally associated had any actual knowledge that Defendants used any of Plaintiffs' 108 registered trademarks until June 2011, well within the four year statute of limitations period. Transcript of Feb. 3, 2016 hearing (Doc. 637) ("TR") at 4 and 22. It is undisputed that Plaintiffs

first learned of Defendants' use of the "Navajo" marks in late May or early June of 2011 when concerned third parties brought Defendants' conduct to the attention of the Navajo Nation Department of Justice (NNDOJ). D. Harrison Tsosie Decl. (Doc. 246) at ¶ 11. Upon learning of Defendants' possible infringement of Plaintiffs' marks, the NNDOJ sent a cease-and-desist letter to the UO Chief Executive Officer on June 30, 2011. *Id.* at ¶ 12. This letter states, "Please immediately cease and desist using the 'Navajo' name on, and in relation to your products." *Id.* Although UO's counsel promised to investigate the claim, Plaintiffs received no response from UO and filed the present suit in January 2012. *Id.* at ¶¶ 14 and 18.

Defendants do not contend the seven-month delay between mailing the cease and desist letter and the filing of the lawsuit invokes the doctrine of laches. *See Thrifty Rent-A-Car Systems, Inc. v. Thrifty Auto Sales of Charleston, Inc.,* 849 F. Supp. 1087, 1090 (D.S.C. 1992) (less than one year from knowledge of infringement on mark to filing suit insufficient). Rather, Defendants argue that Plaintiffs "should have known" of the allegedly infringing conduct prior to 2008 when Defendants began to sell products under the Navajo brand.

Based on the record presented to the Court, from 2001 to 2003, UO sold six items with the designation "Navajo." Holly Devine Decl. (Doc. 217) at ¶¶ 2-7. In 2001, UO offered for sale and advertised a "Navajo Striped Halter." *Id.* at ¶ 2. UO, however, fails to provide information as to the number of units sold or where UO sold the item. In 2001, UO also had 569 units in stock of an item named the "Navajo Pendant on Suede," but again UO has not provided information regarding the number of units sold or where UO, presumably, sold the item. *Id.* at ¶ 3. In 2002, UO advertised and sold 5,190 units of four "Navajo" items in a least 44 states, including Arizona, Utah, and New Mexico. TR at 7. *See also* Devine Decl. (Doc. 217) at ¶¶ 4-7. UO does not specify the number of units sold in Arizona, Utah and New Mexico or where UO

sold those items in Arizona, Utah, and New Mexico. Although not timely placed in the record, UO further contends that in 2003 it sold 391 units of two "Navajo" items in an unknown number of states. TR at 8. In sum, Defendants did not timely provide information to suggest that UO's sales of the above limited number of items occurred in a geographic area which would lead the NNDOJ, located in Window Rock, Arizona, to become aware of those sales.

Anthropologie, Inc. ordered and, presumably, sold one product using the Navajo mark in 2005. Bari Fisher Decl. (Doc. 218) at ¶ 7. Again the record is devoid of the location where Anthropologie, Inc. sold the item and thus how knowledge of its sale could be attributed to the NNDOJ located in Window Rock, Arizona. In contrast, in 2008, a period clearly within the four year statute of limitations, UO and Anthropologie, Inc. sold 30,733 units of 21 Navajo labeled items in all 50 states; in 2009, Defendants sold 78,231 units of 42 Navajo labeled items in 50 states; in 2010, Defendants sold 49,182 units of 81 Navajo labeled items in 50 states; and in 2011, when the sale of the Navajo items was brought to the attention of the NNDOJ, Defendants sold 149,750 units of 242 Navajo labeled items in 50 states. TR at 9-10.

Defendants have not demonstrated from the above undisputed evidence that Plaintiffs should have known of Defendants' use of the "Navajo" name prior to 2008. *Hornady Mgf. Co.*, 835 F.Supp.2d at 1153. Even if the above evidence might show that it is inconceivable that Plaintiffs would not have been aware of the unauthorized use of their marks prior to 2008, Defendants would not "have been lulled in to a false sense of security and act in reliance" when they had constructive notice of Plaintiffs' registered marks. *Brunswick Corp.*, 832 F.3d at 524. Defendants have also failed to convince the Court that filing the lawsuit in 2012 materially prejudiced them. For these reasons, Defendants have not demonstrated that the affirmative defense of laches should preclude Plaintiffs' request for pre-suit monetary damages.

IT IS ORDERED that

1.  Defendants' Motion for Partial Summary Judgment Barring Plaintiffs' Request for Monetary Recovery Under the Equitable Doctrine of Laches (Doc. 214) is denied as to UO and Anthropologie, Inc.;

2.  Plaintiffs' Cross-Motion for Summary Judgment of Dismissal on the Affirmative Defense of Laches (Doc. 252) is granted, in part, in that summary judgment is entered in favor of Plaintiffs on UO and Anthropologie, Inc.'s eighteenth affirmative defense based on the doctrine of laches; and

3.  the eighteenth affirmative defense is dismissed with prejudice as it relates to UO and Anthropologie, Inc.

                                                               UNITED STATES SENIOR DISTRICT JUDGE