IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| THE NAVAJO NATION, a sovereign Indian Nation, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> URBAN OUTFITTERS, INC., a Delaware Corporation, et al. <br><br> Defendants. | CIVIL ACTION NO: <br><br> No. 1:12-cv-00195-BB-LAM |

## **ORDER**

1. **DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION [AT ECF NO. 650] FOR AN EXTENSION OF TIME TO FILE DECLARATIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BARRING PLAINTIFFS' REQUEST FOR MONETARY RECOVERY UNDER THE EQUITABLE DOCTRINE OF LACHES [ECF NO. 653], [ECF No. 672];**

2. **GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF THE COURT'S APRIL 15, 2016 ORDER GRANTING CONSIDERATION OF EVIDENCE ON FREE PEOPLE'S PARTIAL SUMMARY JUDGMENT MOTION BASED ON LACHES (DOC. 674), [ECF No. 675];**

3. **GRANTING PLAINTIFFS' MOTION TO STRIKE DOCUMENTS FILED (AT ECF NO. 641) AFTER SUMMARY JUDGMENT HEARING AND WITHOUT LEAVE OF COURT, [ECF No. 642];**

4. **DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BARRING PLAINTIFFS' REQUEST FOR MONETARY RECOVERY UNDER THE EQUITABLE DOCTRINE OF LACHES, [ECF No. 214]; and**

5. **GRANTING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT OF DISMISSAL ON THE AFFIRMATIVE DEFENSE OF LACHES, [ECF No. 252].**

The matter comes before the Court after consideration of all the pleadings and evidence in the record, the relevant law, as well as argument during a telephonic hearing held on May 12, 2016 on the above referenced motions.  For the reasons stated during the May 12, 2016 hearing, and for the reasons provided in the Court's March 31, 2016 Memorandum Opinion and Order Denying in Part Defendants' Partial Motion for Summary Judgment Based on Laches (Doc. 214) and Granting in Part Plaintiffs' Cross-Motion For Summary Judgment On Defendants' Affirmative Defense Of Laches (Doc. 252) ("Memorandum Opinion and Order"), [ECF No. 668], which is incorporated herein, it is hereby ORDERED that:

1. Defendants' Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion [at ECF No. 650] for an Extension of Time to File Declarations in Support of Motion for Summary Judgment Barring Plaintiffs' Request for Monetary Recovery under the Equitable Doctrine of Laches [ECF  No. 653], [ECF No. 672], is DENIED.

2. Plaintiffs' Motion for Clarification and/or Reconsideration of the Court's April 15, 2016 Order Granting Consideration of Evidence on Free People's Partial Summary Judgment Motion Based on Laches (Doc. 674), [ECF No. 675], is GRANTED.  The Valerie Abitbol and Paul Reigel Declarations, both dated February 11, 2016, and attached documents, filed at ECF No. 641, were produced too long after the close of discovery, without good cause for the delay, and will not be considered by the Court.

3. Plaintiffs' Motion to Strike Documents Filed (at ECF No. 641) After Summary Judgment Hearing and Without Leave of Court, [ECF No. 642], is GRANTED.  For the reasons stated on the record during the May 12, 2016 hearing, the Declarations of Paul Reigel and Valerie Abitbol, both dated February 11, 2016, and filed at ECF No. 641, are untimely, and hereby STRICKEN from the record for both consideration on motions and at trial.

4. For the reasons stated on the record during the May 12, 2016 hearing, including but not limited to consideration of the Cynthia Squire-Holder Declaration [ECF No. 220], dated November 21, 2014, in which it was documented that Defendant Free People of PA LLC's ("Free People") offered for sale six items on the Internet in 2006, and for the reasons provided in the Court's March 31, 2016 Memorandum Opinion and Order, which is incorporated herein, Defendants' Motion For Partial Summary Judgment Barring Plaintiffs' Request for Monetary Recovery under the Equitable Doctrine of Laches, [ECF No. 214], is DENIED as to Free People.

5. Plaintiffs' Cross-Motion for Summary Judgment of Dismissal on the Affirmative Defense of Laches, [ECF No. 252], is GRANTED, in that summary judgment is entered in favor of Plaintiffs on Free People's eighteenth affirmative defense based on the doctrine of laches and the eighteenth affirmative defense of laches is dismissed with prejudice as it relates to Free People.  Because the Court previously dismissed the eighteenth affirmative defense with prejudice as it relates to Urban Outfitters, Inc. and Anthropologie, Inc. in its March 31, 2016 Memorandum Opinion and Order, the Court hereby DISMISSES Defendants' eighteenth affirmative defense with prejudice in its entirety.

_____
UNITED STATES SENIOR DISTRICT JUDGE

3