IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

v.                                                      CIV 12-0195 BB/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 480] ON DEFENDANTS' SEVENTH AND NINETEENTH AFFIRMATIVE DEFENSES</u>

        This matter comes before the Court upon Plaintiffs' Motion and Memorandum for Partial Summary Judgment Dismissing Defendants' Seventh and Nineteenth Affirmative Defenses (Fair Use and Unclean Hands) ("Motion for Partial Summary Judgment"), filed on May 14, 2015. [Doc. 480]. Defendants filed a response on June 8, 2015, and Plaintiffs filed a reply on July 2, 2015. [Docs. 511 and 547]. Having reviewed the Motion for Partial Summary Judgment, the relevant law, and the briefing, the Court grants the Motion for Partial Summary Judgment, in part, in that the Court will deny summary judgment on Defendants' seventh affirmative defense (fair use), but will grant summary judgment in Plaintiffs' favor on Defendants' nineteenth affirmative defense (unclean hands) and dismiss that affirmative defense with prejudice.

**I. Positions of the Parties**

        Plaintiffs the Navajo Nation, the Navajo Arts and Crafts Enterprise, and the Diné Development Corporation (collectively, "Plaintiffs" or "the Navajo Nation") move for summary judgment against Defendants Urban Outfitters, Inc., Urban Outfitters Wholesale, Inc., Anthropologie, Inc., and Free People of PA LLC ("Free People") (collectively, "Defendants") to

dismiss Defendants' seventh affirmative defense (fair use) and nineteenth affirmative defense (unclean hands). [Doc. 57] at 19-20, 22.

Plaintiffs contend that the fair use defense is unavailable to Defendants, because (1) Plaintiffs' "Navajo" marks are incontestable as well as inherently distinctive, and (2) Defendants cannot prove that their use of "Navajo" did not cause confusion. Plaintiffs also contend that Defendants cannot assert a nominative fair use defense, since the Tenth Circuit has not yet recognized that defense. Plaintiffs further maintain that nominative fair use is inapplicable, because it is undisputed that, for the purposes for which Defendants used "Navajo," numerous other words were available to describe the goods in question. Finally, Plaintiffs contend Defendants' "unclean hands" defense should be dismissed, since Defendants cannot raise a genuine issue of material fact as to whether Plaintiffs' conduct with regard to their trademarks has ever been "illegal or unconscionable."

Defendants argue the term "Navajo" has acquired a descriptive meaning within the fashion and accessory market. It is Defendants' position that they used the term "Navajo" only as a descriptor to designate the style or design of the products they offered for sale. Defendants further maintain the term "Navajo" is and always has been geographically descriptive. Defendants also maintain that since they used the term "Navajo" only descriptively and in conjunction with their own house marks, they used "Navajo" in good faith.

In addition, Free People explains that its use of the term "Navajo" to describe the goods its buyer confirmed were actually Navajo-made is an exception to the descriptor defense. Free People, therefore, maintains that there is at least a question of fact as to whether its use of the term "Navajo" to refer to items that it believed to be Navajo-made was a "nominative fair use."

**II.  Summary Judgment Standard**

A party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists.  *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993).  An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A party opposing the motion may then defeat a motion for summary judgment by setting forth specific facts from which the trier of fact could find in its favor.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  The motion should be denied unless there is no doubt from the evidence, and resolving all inferences drawn against the movant, that no genuine issue remains for trial.  *Bee v. Greaves*, 744 F.2d 1387, 1398 (10th Cir. 1984).

**III**.  **Fair Use**

Plaintiffs initially allege the "Navajo" trademark is incontestable and so is "conclusively presumed to be nondescriptive…." citing *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 939 n.7 (10th Cir. 1983).  However, the Court need not decide the question of incontestability as an alleged infringement, even of an incontestable registered mark, is subject to the common law defense of fair use.  *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117-18 (2004).

*"*Fair use is a reasonable and good faith use of a descriptive term that is another's trademark to describe rather than to identify the user's goods, services or business."  *Restatement (Third) of Unfair Competition* § 28, comment *c* (1995).  The "fair use" defense, as codified in the Lanham Act, requires proof:

> [t]hat the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is

descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin….

15 U.S.C. § 1115(b)(4).

The fair use defense, then, has clear parameters. It is only available if the defendant uses the mark in a descriptive sense. *See Vail Associates, Inc. v. Vend-Tel-Co.,* 516 F.3d 853, 866 (10th Cir. 2008) (holding that presence of incontestable registration did not provide mark holder with exclusive right to use VAIL mark in its descriptive sense); *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 12 (2d Cir.1976) ("When a plaintiff has chosen a mark with some descriptive qualities, he cannot altogether exclude some kinds of competing uses even when the mark is properly on the register."). To decide whether a mark is descriptive depends on the perception of a perspective purchaser. The issue of perception is generally a factual question and, thus, not easily susceptible to summary judgment. *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1216 (10th Cir. 2004) (categorization of mark as descriptive is "factual inquiry"); *DowBrands, L.P. v. Helene Curtis, Inc.*, 863 F. Supp. 963, 970 (D. Minn. 1994) ("Descriptiveness is measured against the standard of consumer perception" and is question of fact). *Cf. Kiki Undies Corp. v. Alexander's Dept. Stores, Inc.*, 390 F.2d 604, 606 (2d Cir. 1968) (court affirmed summary judgment in favor of defendant when there was no evidence public believed it was receiving merchandise manufactured by plaintiff).

Defendants have advanced evidence that they used the term "Navajo" as a descriptor, because the fashion industry had adopted "Navajo" to describe a type of style or print. *See* [Doc. 483-1] (Steven Hartman Depo., p. 220); [Doc. 483-2] (Denise Albright Depo., p. 263). Moreover, Defendants observe that "Navajo" is geographically descriptive. To demonstrate good faith, Defendants note that they each conspicuously used their own house mark in the

4

display or advertising of such items. Where "the source of the defendants' product is clearly identified by the prominent display of the defendants' own trademarks" that itself is evidence of the defendants' good faith. *Cosmetically Sealed Indus*., *Inc. v Chesebrough-Pond's USA Co*., 125 F.3d 28, 30 (2d Cir. 1997). Consequently, Defendants have produced sufficient evidence to raise a genuine issue of material fact as to whether they, in good faith, used "Navajo" in the descriptive sense.

Plaintiffs also contend that the fair use defense must be dismissed on the ground that Defendants cannot prove their use did not cause confusion. While confusion is a keystone in trademark law, the likelihood of confusion is again generally a question of fact. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013); *University of Kansas v. Sinks*, 565 F.Supp.2d 1216, 1243 (D. Kan. 2008). Moreover, since *KP Permanent Make-Up, Inc.*, it is clear Defendants do not carry the burden of negating confusion. *Century 21 Real Estate Corp. v. Lendingtree, Inc.,* 425 F.3d 211, 217 (3d Cir. 2005); *New York Mercantile Exchange, Inc. v. Intercontinental Exchange*, *Inc.*, 389 F. Supp. 2d 527, 546 (S.D. N.Y. 2005), *aff'd*, 497 F.3d 109 (2d Cir. 2007). Plaintiffs' confusion argument, therefore, lacks merit. In sum, summary judgment on the fair use defense is inappropriate.

## IV. Free People and Nominative Fair Use

On its website, Free People used the phrase "Vintage Navajo Cuff" to describe an "antique" item it purchased from a source with the representation it was produced by a member of the Navajo Tribe. Indeed, Plaintiffs have produced no evidence that the cuff was not Navajo-made. Additionally, there is nothing on Free People's website that suggests to the consumer that the Navajo Nation endorses or sponsors Free People.

Defendants argued "nominative fair use" was a basis of their fair use defense in their Motion to Dismiss. [Doc. 33] at 2. In denying the Defendants' Motion to Dismiss, this Court recognized that "[t]he doctrine provides a fair use defense when a good is so well-known and so unique that it can effectively be identified only by use of its trademark." *Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1165 (D.N.M. 2013).

Plaintiffs argue the Tenth Circuit has not recognized the nominative fair use defense and, therefore, Defendants may not rely upon it. Defendants counter that it is a recognized legal theory and their evidence has created a question of fact precluding summary judgment on that theory. The Ninth Circuit created the theory and has most frequently relied upon it, but several other circuit courts have adopted numerous variations of the concept. 4 *McCarthy on Trademarks and Unfair Competition* § 23.11 (4th ed.). A version of the theory has been applied to both proper nouns and geographical designations. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 612 (6th Cir. 2009) (use of proper name descriptive); *King Ranch, Inc. v. D.R. Horton, Inc.*, 2012 WL 1788178, at *8 (S.D. Tex. 2012) (use of acknowledged geographical designation "King Ranch Estates" for residential subdivision was fair and descriptive).

Under the most basic interpretation of nominative fair use, infringement turns on the likelihood of confusion. *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 545 (5th Cir. 1998), *abrogated on other grounds*, *TrafFix Devices, Inc. v. Mktg. Displays, Inc*, 532 U.S. 23 (2001). *See also* Graeme B. Dinwoodie, *Developing Defenses in Trademark Law*, 13 Lewis & Clark L. Rev. 99, 111 (Spring 2009). Although not using the nominative fair use nomenclature, as observed above, the Tenth Circuit has long recognized "confusion" as the keystone of trademark infringement. *Hornady Mfg. Co., Inc. v. Doubletap, Inc.*, 746 F.3d 995, 1001 (10th Cir. 2014); *Team Tires Plus, Ltd. v. Tires Plus, Inc.,* 394 F.3d 831, 832 (10th Cir. 2005). Again, the

plaintiff, not the defendant, always has the burden of proving infringement by the likelihood of confusion. *KP Permanent Make-Up, Inc.*, 543 U.S. at 117; *Health Grades, Inc. v. Robert Wood Johnson University Hosp., Inc.*, 634 F. Supp. 2d 1226, 1241 (D. Colo. 2009).

The Tenth Circuit recognizes that the likelihood of confusion is generally a question of fact. *Water Pik, Inc.,* 726 F.3d at 1143; *University of Kansas*, 565 F.Supp.2d at 1243. Both sides in this case have introduced evidence as to the meaning of the term "Navajo" in this specific context. Accordingly, there is a question of fact as to whether Free People's use of "Navajo" to refer to the item that it believed to be Navajo-made was a non-infringing, nominative fair use of the term. *Cf. Cebu Association of California, Inc. v. Santo Nino De Cebu U.S.A., Inc.,* 95 Cal. App. 3d 129, 135, 205 U.S.P.Q. 362 (1979) ("All persons with a legitimate claim to the same geographical designation have the right to use that designation."). Summary judgment on the nominative fair use defense is, therefore, inappropriate.

**V.  Unclean Hands**

Plaintiffs next seek summary judgment on Defendants' nineteenth defense barring Plaintiffs' recovery on the basis that Plaintiffs lack clean hands. As Plaintiffs recognize, "[a] trademark plaintiff with unclean hands is one whose conduct relative to his mark has been so illegal or unconscionable that the court will refuse to hear him." *Big O Tires, Inc. v. Bigfoot 4X4, Inc*., 167 F. Supp. 2d 1216, 1230 (D. Colo. 2001) (citation omitted). Plaintiffs contend Defendants have failed to advance evidence sufficient to meet this standard. In response, Defendants detail the following evidence in support of their unclean hands defense:

> Plaintiffs' [sic] bring their trademark claims with unclean hands because two of the registrations Plaintiffs now assert against Defendants were obtained by taking a position that directly contradicts their own position in this litigation—namely, that Defendants' use of the term "Navajo" in connection with the sale of certain products Plaintiffs had previously told the [Patent and Trademark Office (PTO)] were not art

> or craft products violated (or were subject to) the [Indian Arts and Crafts Act].
> Either the statements to the PTO were false, or Plaintiffs' claims in this case are
> false.

[Doc. 511] at 30.

Defendants' argument fails to adequately state a basis for invoking the equitable doctrine of "unclean hands" in a trademark case. "[N]on-fraudulent, representation of federal trademark registration is not in itself a sufficient basis for invoking the doctrine of unclean hands to deny relief in a trademark infringement suit…." 4 *Callmann on Unfair Comp., Tr. & Mono.* § 23:17 (4th ed.); *cf. Worthington v. Anderson*, 386 F.3d 1314, 1320, 72 U.S.P.Q.2d 1808 (10th Cir. 2004) ("[T]he "unclean hands" doctrine does not empower a court of equity to deny relief for any and all inequitable conduct on the part of the plaintiff. Instead, the inequitable conduct must be related to the plaintiff's cause of action."); *1-800 Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1255 (10th Cir. 2013) (quoting *Worthington*, 386 F.3d at 1320). This principle seems especially applicable here as Defendants' argument relates to Plaintiffs' representations not to the trademark *per se* but to Plaintiffs' representations that the Indian Arts and Crafts Act applied to the items in question. Plaintiffs' representations to the Patent Office are a proper basis for cross-examination but will not alone support a clean hands defense. *Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 2014 WL 3874193, at *10 (S.D. N.Y. 2014) (allegation that plaintiff must have known information submitted to PTO was false does not amount to requisite willful intention to deceive). Defendants have failed to raise a genuine issue of material fact with respect to the unclean hands defense. Hence, Plaintiffs are entitled to summary judgment on the unclean hands defense.

## VI. Conclusion

Based on the above legal analysis, Plaintiffs' Motion for Partial Summary Judgment on Defendants' seventh affirmative defense (fair use) is DENIED, but Plaintiffs' Motion for Partial Summary Judgment on Defendants' nineteenth affirmative defense (unclean hands) is GRANTED.

IT IS, THEREFORE, ORDERED that

1. Plaintiffs' Motion and Memorandum for Partial Summary Judgment Dismissing Defendants' Seventh and Nineteenth Affirmative Defenses (Fair Use and Unclean Hands) [Doc. 480] is granted, in part;

2. summary judgment is denied as to Defendants' seventh affirmative defense (fair use);

3. summary judgment is entered in Plaintiffs' favor on Defendants' nineteenth affirmative defense (unclean hands); and

4. Defendants' nineteenth affirmative defense (unclean hands) is dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE