IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, a sovereign Indian
 Nation, et al.,

      Plaintiffs,

vs.                            Civ. No. 12-195 BB/LAM

URBAN OUTFITTERES, INC., a
Delaware Corporation, et al.,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE PHILIP JOHNSON [DOC. 329] AND PLAINTIFFS' MOTION TO EXCLUDE HAL PORET [DOC. 462]

This matter comes before the Court upon Defendants' Motion in Limine to Exclude

Expert Testimony of Philip Johnson and Memorandum in Support [Doc. 329], and Plaintiffs'

Motion to Exclude the Testimony of Hal Poret and Memorandum in Support [Doc. 462].  On

August 10, 2016, the Court held a *Daubert* hearing on the Motions, at which both Philip Johnson

and Hal Poret testified.  The Court denied both Motions at the conclusion of the hearing.

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony and

provides that,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or
> education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of
> fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Reliability is determined by assessing 'whether the reasoning or methodology underlying the

testimony is scientifically valid.'"  *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1204

(10th Cir. 2002) (quoting *Daubert*, 509 U.S. at 592-93).  The Court observes that it should

liberally admit expert testimony and has broad discretion in deciding whether to admit or

exclude expert testimony.  *See United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995)

(describing Rule 702 as "liberal standard"); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643,

647 (10th Cir.1991) (noting trial court's decision will not be overturned "unless it is manifestly

erroneous or an abuse of discretion").

        As explained at the hearing, the Court determines that both Johnson and Poret are

qualified experts through education and experience, and that their testimonies will assist the trier

of fact to determine the issue of consumer confusion.  The Court further finds that each of the

opinions is based on sufficient data.  Specifically, the universe of respondents for each

respective survey consisted of appropriate and statistically valid target groups designed to

consider the issue of consumer confusion.  Although Johnson and Poret each modified valid

survey designs to better address the unique circumstances of this case, the respective surveys

included accurately reported data based on objective interviews or online questions presented in

an adequately clear and precise manner.  Additionally, Johnson and Poret both analyzed the data

in accordance with acceptable statistical principles.  The Court is, therefore, assured of the

objectivity of the respective testimonies of Johnson and Poret.  For these reasons, the

testimonies of Johnson and Poret are sufficiently reliable for admission under Rule 702.

        IT IS ORDERED that

        1.  Defendants' Motion in Limine to Exclude Expert Testimony of Philip Johnson [Doc.

329] is denied; and

2.  Plaintiffs' Motion to Exclude the Testimony of Hal Poret and Memorandum in
Support [Doc. 462] is denied.


SENIOR UNITED STATES DISTRICT JUDGE