IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, a sovereign Indian
Nation, et al.,

    Plaintiffs,

vs.                                                                                    Civ. No. 12-195 BB/LAM

URBAN OUTFITTERES, INC., a
Delaware Corporation, et al.,

    Defendants.

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF GAIL STYGALL [DOC. 357]

This matter comes before the Court upon Defendants' Motion in Limine to Exclude Expert Testimony of Gail Stygall and Memorandum in Support [Doc. 357] ("Motion in Limine"). On August 11, 2016, the Court held a *Daubert* hearing on the Motion in Limine, at which Dr. Gail Stygall testified via video conference. The Court denied the Motion in Limine at the hearing.

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony and provides that,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1204 (10th Cir. 2002) (quoting *Daubert*, 509 U.S. at 592-93). The Court observes that it should

liberally admit expert testimony and has broad discretion in deciding whether to admit or exclude expert testimony.  *See United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (describing Rule 702 as "liberal standard"); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir.1991) (noting trial court's decision will not be overturned "unless it is manifestly erroneous or an abuse of discretion").

As stated at the hearing, the Court finds that Dr. Stygall is qualified as an expert in linguistics.  Her testimony will assist the jury to understand in what way linguistics is used to determine how an average person uses a term, like "Navajo."  In doing so, Dr. Stygall may testify as to the various parts of speech and how they modify each other, particularly those matters explained in paragraph 11 of her declaration [Doc. 459].  The Court further finds that Dr. Stygall's opinion is based on sufficient relevant data gathered from dictionaries, online sources, and Defendants' advertisements.  Finally, the Court determines that Dr. Stygall's methodology is sufficiently reliable in that lexicographers use a similar methodology in compiling dictionaries.  For these reasons, Dr. Stygall can also testify whether or not the language data she analyzed indicates a potential for confusion, but not that the language was confusing.  In sum, Dr. Stygall's opinion satisfies Rule 702.

IT IS ORDERED that Defendants' Motion in Limine to Exclude Expert Testimony of Gail Stygall and Memorandum in Support [Doc. 357] is denied.

                                                                   */s/ Bruce D. Black*
                                                           UNITED STATES DISTRICT JUDGE