IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

vs.                                              Civ. No. 12-195 BB/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO EXCLUDE SUSAN SCAFIDI [DOC. 284] AND
DEFENDANT'S MOTION TO STRIKE SECOND SUPPLEMENTAL REPORT
OF SUSAN SCAFIDI [DOC. 544]

This matter comes before the Court upon Defendants' Motion in Limine to Exclude Expert Testimony of Susan Scafidi [Doc. 284] and Defendants' Motion in Limine to Strike Second Supplemental Report of Susan Scafidi [Doc. 544]. The Court held a *Daubert* hearing on both motions in limine on August 12, 2016, at which Susan Scafidi testified via video conference. The Court granted in part and denied in part the motions in limine.

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony and provides that,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Court observes that it should liberally admit expert testimony but has broad discretion in deciding whether to admit or exclude expert testimony. *See United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (describing Rule 702 as "liberal standard"); *Werth v. Makita Elec.*

*Works, Ltd.*, 950 F.2d 643, 647 (10th Cir.1991) (noting trial court's decision will not be overturned "unless it is manifestly erroneous or an abuse of discretion").

As stated at the hearing, Scafidi is qualified as an expert in fashion law and cultural appropriation.  Scafidi's testimony will assist the jury to understand whether Defendants' products falsely suggest that they are Indian-produced, a requirement under the Indian Arts and Crafts Act ("IACA").  However, Scafidi cannot testify whether an item is an "art" or "craft" under the IACA.  Rather, Scafidi's testimony is limited to describing the methodology which she uses in determining "whether a product communicates that it is authentic."  [Doc. 317] at ¶ 14.  That methodology consists of considering five factors as described in Scafidi's declaration.  *Id.*  The Court finds that Scafidi's methodology is sufficiently reliable in that other experts in the field of cultural authenticity rely on such a methodology.  *Id.* at n 2.  The Court, however, will not permit Scafidi to testify as to any IACA legal standards or opinions.  Scafidi also cannot testify concerning violations of the Lanham Act or regarding cultural appropriation.  For the above reasons, Scafidi's limited testimony will be allowed under Rule 702.

IT IS ORDERED that Defendants' Motion in Limine to Exclude Expert Testimony of Susan Scafidi [Doc. 284] and Defendants' Motion in Limine to Strike Second Supplemental Report of Susan Scafidi [Doc. 544] are granted in part and denied in part as described above.

                                                      UNITED STATES DISTRICT JUDGE