IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NAVAJO NATION, et al.,

    Plaintiffs,

vs.                                                Civ. No. 12-195 BB/LAM

URBAN OUTFITTERS, INC., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT ON COUNT ONE (TRADEMARK
INFRINGEMENT) [DOC. 473]

      Plaintiffs, the Navajo Nation, the Diné Development Corporation, and the Navajo Arts & Crafts Enterprise (collectively, "Plaintiffs" or the "Nation") filed a Motion for Summary Judgment [Doc. 473] in which they move for summary judgment against Urban Outfitters, Inc., Urban Outfitters Wholesale, Inc., Anthropologie, Inc., and Free People of PA, LLC (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, Count One of Third Amended Complaint.[1]  Plaintiffs argue that since their "Navajo" trademark has been registered and used by them since at least 1943, and Defendants have used the word "Navajo" in representing their products, causing consumer confusion, "this is a clear-cut case of trademark infringement." *Id.* at 1-2.

      Defendants challenge this premise on three grounds.  The Court has dealt with two of those grounds in previous Memorandum Opinions and Orders.  First, the Court ruled that the "fair use defense" posited by Defendants requires resolution of factual disputes and, therefore,

---

[1] In addition to having responded to Plaintiffs' Motion for Summary Judgment, Defendants filed a motion seeking leave to file a surreply to Plaintiffs' supplemental brief.  [Doc. 657].  In light of the Court's ruling on the Motion for Summary Judgment, a surreply is unnecessary and the Court will deny Defendants' motion.

was not appropriate for a summary judgment. [Doc. 689]. Furthermore, employment of "nominative fair use" intertwines with the determination of the "confusion" necessary to prove an infringement claim and so augurs against summary judgment. *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1024 (3rd Cir. 2008) (likelihood of confusion is fact question) (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1008 (9th Cir. 2001)). Second, this Court held that Defendants' genericness defense was not supported by admissible evidence and, therefore, that defense was subject to summary judgment. Accordingly, the Court entered summary judgment in Plaintiffs' favor on the genericness defense. [Docs. 720 and 721].

The only issue remaining for resolution on this Motion for Summary Judgment, then, is whether Plaintiffs have proven Defendants' use of their trademark caused confusion as a matter of law. Plaintiffs have not.

Following a *Daubert* hearing, this Court ruled that Defendants' tendered expert, Hal Poret, could testify on the subject of trademark confusion based on his consumer survey and Report of August 4, 2014. [Doc. 699]. Professionally, Poret has conducted approximately 1,000 consumer surveys, often in the area of trademark confusion. [Doc. 705] at 56-7. He has also testified in over 100 federal judicial proceedings. *Id.* at 56. The Court found Poret was qualified to testify on the subject of trademark confusion under Fed. R. Evid. 702. [Doc. 699].

Plaintiffs challenged Poret's methodology as well his expertise. As part of his survey, Poret exposed consumers to the allegedly infringing term "Navajo" in connection with some of the products that Urban Outfitters sold through its website and catalogs. Respondents were then asked questions to determine whether they believed that the products were made by, approved by, or affiliated with the Navajo Nation, or if they, otherwise, believed that the products were Native American goods. Poret concluded that his survey demonstrated no confusion resulting

from Defendants' use of the term "Navajo" in their advertising.  The Court found Poret's methodology was within the standards set by Rule 702 and could be better challenged by Plaintiffs on cross-examination at trial.  *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 163 (4th Cir. 2012) (trier of fact addresses methodological objections to survey); *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 523 (10th Circuit 1987) ("technical and methodological deficiencies" in survey do not relate to admissibility of survey, but go to weight of the survey).

The Court notes that once both parties introduce more than *de minimis* evidence regarding consumer confusion, it becomes a fact issue for the jury.  *Petter Investments, Inc. v. Hydro Engineering, Inc.*, 2016 WL 50682, at *7 (D. Utah) ("determination of 'likelihood of confusion' is a highly fact-intensive inquiry…."); *Gennie Shifter, LLC. v. Lokar, Inc.*, 2010 WL 126181, at *11 (D. Colo.) (likelihood of confusion is frequently disputed issue of fact).  *Cf. John Allan Co. v. Craig Allen Co. L.L.C.*, 540 F.3d 1133, 1138 (10th Cir. 2008) (confusion is treated as question of fact on appeal).

For the above stated reasons, Plaintiffs' Motion for Summary Judgment on Count One (Trademark Infringement) [Doc. 473] is DENIED.  Furthermore, Defendants' motion for leave to file a surreply [Doc. 657] is DENIED.

IT IS SO ORDERED.

_____
SENIOR UNITED STATES DISTRICT JUDGE